JACKSONVILLE TERMINAL COMPANY, A CORPORATION, *Plaintiff in Error*, v. RICHARD BLANSHARD, CHARLES E. BELL, ROSA SCURRY, JOHN RENO AND GRACE RENO, HIS WIFE, JAMES WILLIAMS AND HATTIE WILLIAMS, HIS WIFE, SONNY COOPER AND LIZZIE COOPER, HIS WIFE, GUS FREEMAN AND MARY FREEMAN, HIS WIFE, *Defendants in Error*.

## Opinion filed June 9, 1919.

1. The provision of the constitution granting to railroad companies the right of eminent domain, does not prohibit the legislature from providing for the payment of attorney's fees to the party whose land is sought to be condemned.

2. Proceedings for the condemnation of private property for public use, may be dismissed by the party seeking condemnation, at any time, and when that is done the jurisdiction of the court except in the matter of taxing costs, is terminated so far as that suit is concerned.

3. Section 2020, General Statutes of Florida, providing for the payment of attorney's fees in condemnation proceedings, contemplates the assessment of attorney's fees by the jury that determines the compensation to be made for the land, and in condemnation proceedings limits to that particular jury the right to assess attorney's fees.

4. Where condemnation proceedings are dismissed by the petitioner before the jury has determined the compensation to be made for the land, the party entitled to attorney's fees must recover his attorney's fees by an independent suit.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment reversed.

*John E. Hartridge,* for Plaintiff in Error;

*George C. Bedell, A. H. King* and *Roswell King,* for Defendants in Error.

BROWNE, C. J.—Condemnation proceedings were instituted in Duval county by the Jacksonville Terminal Company against certain property described in its petition. A demurrer to the petition challenging, among other things, the Jacksonville Terminal Company's right to condemn property for its use, was overruled. Subsequently the petitioner filed a praecipe for dismissal and the clerk entered an order reciting that the plaintiff having filed such praecipe, "It is therefore considered by the court that the same be and is hereby dismissed at the cost of the plaintiff." Thereafter the defendants moved the court for a taxation of their costs, "including a reasonable attorney's fee," and the court ordered "that the same be granted and the amount of defendant's costs including a reasonable attorney's fees determined by a jury."

The petitioner filed objections to any further proceedings to have reasonable attorney's fees determined by a jury, because the court had no authority, after the defendant had abandoned his proceedings and dismissed it, to proceed further in the matter of assessing attorney's fees; that Section 29, Article 16 of the Constitution of Florida did not authorize the payment of attorney's fees, and that the statute providing for the same is unconstitutional; that the law governing condemnation proceedings makes no provision for a money judgment; that the attorney's fees provided for in Section 2020, General Statutes, can only be assessed where the condemnation

proceedings are carried to a conclusion and the value of the property assessed and it is taken by the petitioner; that the petitioner having filed a praecipe dismissing the proceedings and entry of dismissal made by the clerk, there was no longer any cause before the court in whole or in part.

The objections were overruled, and at a term of the Circuit Court a jury of twelve men was sworn and testimoyn taken as to the value of the attorney's services.

The provision of the constitution granting to railroad companies the right of eminent domain, does not prohibit the legislature from providing for the payment of attorney's fees to the party whose land is sought to be condemned.

Proceedings for the condemnation of private property for public use may be dismissed by the party seeking condemnation at any time, and when that is done the jurisdiction of the court, except in the matter of taxing costs, is terminated so far as that suit is concerned.

Section 2020, General Statutes of Floirda, 1906, relating to condemnation proceedings, provides in part, that "all costs of proceedings shall be paid by the petitioner, including a reasonable attorney's fee for the defendant to be assessed by the jury." The definite article "the" used here relates to a particular jury and means the one that determines the compensation to be made to the defendants for the lands that the petitioner takes under the condemnation proceedings, and limits to that particular jury the right to assess attorney's fees. Where the case has been dismissed by the petitioner before the cause has been submitted to the jury, a jury subsequently called to

assess attorney's fees only, is not "the jury" contemplated by the law..

It is not necessary to discuss whether this statute makes attorney's fees part of the costs, as the proceedings in the court below were not conducted upon that theory. We may say, however, that such is not the opinion of this court, and the word "including" as used in the statute is a word of enlargement, and in this sense is equivalent to "and." The compilers of the General Statutes seem to have taken that view, and at the beginning of the section use the words "Costs and Attorney's fees."

The statute providing for attorney's fees in garnishment cases provides: "Whenever any writ of garnishment is sued out in any of the courts of justices of the peace, or any county courts, in this State, and the same shall be dismissed, or the plaintiff shall fail to sustain his claim, the defendant or defendants in garnishment shall be entitled to receive from the plaintiff an attorney's fee of ten dollars, which shall be taxed by the court as cost, and collected as provided for other costs in the suit."

Here the amount is fixed by the statute, which declares that it "shall be taxed by the court as costs." The Clerk of the Circuit Court cannot take testimony to ascertain what is a reasonable attorney's fee and enter judgment thereon, but he may where the amount of the fee is named in the statute or where it is a fixed per centum and can be ascertained by a mere calculation. Parker v. Dekle, 46 Fla. 452, 35 South. Rep. 4.

Section 2017, General Statutes of Florida, 1906, provides that petitioners for condemnation, other than municipal corporations, shall within thirty days after rendition of the judgment, pay into the court the compensa

tion ascertained by the jury, and "in any case, if the petitioners shall fail to comply with the foregoing requirements by payment into the court as herein provided, the proceedings shall be *null* and *void* unless further time be allowed by the court."

The amount of compensation for the land, and a reasonable attorney's fee are both to be determined by the jury where the proceedings are carried to a final determination. The petitioner, however, by failing to pay into the court within thirty days the amounts awarded by the jury, may cause the entire proceedings to become *null* and *void*.

There is no provision in our law requiring the petitioner ot pay the amount of compensation and attorney's fees found by the jury.

A party whose land is sought to be condemned has no greater rights when the case is dismissed before the verdict, than where the petitioner fails to pay the money into court within thirty days after the rendition of the judgment. In neither instance can he recover on a judgment for attorney's fees in the condemnation proceedings, unless the petitioner takes the land, and voluntarily pays the amount into the court within thirty days.

The statute allowing an attorney's fees contemplates its being paid by the petitioner whether the suit is prosecuter to final judgment or dismissed at the instance of petitioner, but there is no warrant in law for execution to issue on a judgment in condemnation proceedings, except the general provision of execution for costs, and the party entitled to attorney's fees unless the petitioner takes the land, must recover for his expenses in employing an attorney by an independent suit.

The question whether or not the Jacksonville Terminal Company can exercise the right of eminent domain is not raised or presented in this record, and it is not necessary for us to pass upon it.

The judgment is reversed.

TAYLOR, J., concurs.

ELLIS, J., concurs in the conclusion.

WHITFIELD AND WEST, JJ., dissent.