JACKSONVILLE TERMINAL COMPANY, *Plaintiff in Error*, v. R. E. BLANSHARD AND CHARLES E. BELL, *Defendants in Error*.

Opinion Filed May 26, 1923.

Petition for Rehearing Denied July 11, 1923.

Where the statute provides that in condemnation cases, "all costs of proceedings shall be paid by the petitioner including a reasonable attorney's fee for the defendant," and the plaintiff dismisses the condemnation proceedings before judgment, the defendant may in a separate action recover reasonable attorney's fees for services actually rendered for the defendant in the condemnation proceedings before they were dismissed by the plaintiff; and a judgment for such reasonable fees predicated upon stipulation as to the services rendered and the reasonableness of the amount allowed, will be affirmed, no material error of procedure appearing.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Affirmed.

*John E.* and *Julian Hartridge*, for Plaintiff in Error;

*George C. Bedell*, for Defendants in Error.

WHITFIELD, J.—The declaration herein in substance alleges that the terminal company, engaged in furnishing terminal facilities in the city of Jacksonville, Florida, for railroad companies entering that city, instituted condemnation proceedings under the statute, covering land designed to be acquired for the Terminal Company's tracks, etc.; that plaintiffs, as defendants, demurred to the peti-

VOL. 85, JANUARY TERM, 1923., 501

Jacksonville Term. Co. v. Blanshard et al.—Opinion of Court.

tion in condemnation and the demurrer was overruled upon argument had; that thereafter the condemnation proceedings were dismissed by the Terminal Company at its cost; that plaintiff here, defendants there, employed attorneys to represent them in the defense of the condemnation proceedings, ''and incurred liability for the fees of said attorneys for their services in and about the defense of said proceedings in the sum, to-wit, seventeen hundred and fifty dollars ($1,750.00).''

A demurrer to the declaration was overruled, the grounds not abandoned being:

''3. The declaration fails to show that the plaintiffs were put to any expense in employing an attorney in the proceedings set forth in the declaration, or paid out any money in any sum or sums to an attorney or attorneys on account thereof.

''4. There can be no recovery for a mere liability.

''5. The declaration is vague and uncertain, in that it states a conclusion of fact in alleging that the plaintiffs incurred a liability for fees, thereby stating a conclusion and not stating the facts that the court might understand whether a liability had been incurred,

Other plans having been eliminated on demurrer, trial was had on the following plea and stipulation:

''2. And for a second plea the defendant denies that the plaintiffs incurred any liability for fees of attorneys for services in and about the defense of the proceedings by the defendant in the Circuit Court of Duval County, Florida, to condemn certain lands as described in the petition filed by the defendant in said condemnation proceedings.''

''It is hereby agreed for the purposes of this cause that the plaintiffs *employed* Messrs. A. H. and Roswell King as their attorneys in the condemnation suit mentioned in the

declaration *upon the agreement* that the said attorneys should be paid for their services as attorneys in said cause five per cent. (5%) of a certain amount which depended upon the property brought by condemnation or future sale, which was estimated by plaintiffs and their said attorneys to be $35,000.00, that being the price asked by the owners for the property sought to be condemned; that the said A. H. King is an attorney of this court engaged in active practice for more than thirty years; that the said attorneys were employed immediately upon the institution of the condemnation proceedings and that the said cause had the personanl attention of the said A. H. King throughout; that after investigating the chartered powers of the petitioner in the condemnation proceeding said attorneys prepared and filed a demurrer to the said petition as amended upon the ground among others that the right of eminent domain had not been extended to the petitioner, which demurrer came on to be heard and was argued before the court; that the said demurrer was overruled and before answer the petition was voluntarily dismissed and the proceedings abandoned by the petitioner; that in the opinion of experienced attorneys practicing in this court a reasonable fee for the services actually rendered by said attorneys for the defendants in the said condemnation case would be five per cent. upon the amount involved, that is to say five per cent. upon the amount in good faith claimed to be the value of the property sought to be condemned and that in the opinion of persons versed in the value of land in the immediate vicinity, the value of the land sought to be condemned, at the time of the institution of said condemnation proceeding was thirty-five thousand dollars, and that that amount was the amount claimed by the respondents in the condemnation proceeding to be the value of the said property.

"That this stipulation is agreed upon subject to all valid, legal objections that may be offered by either side to the effect and application of the whole or any part thereof as testimony."

The court directed a verdict for the plaintiffs for $1,750.00 without interest, which verdict was returned and judgment rendered thereon.

A new trial was denied, and the defendant took writ of error.

The statute provides that in condemnation cases, "all costs of proceedings shall be paid by the petitioner, including a reasonable attorney's fee for the defendant." Sec. 3288, Rev. Gen. Stats. 1920. A judgment for attorney fees for the defendant, obtained in the case after the condemnation proceedings were dismissed, was reversed. Jacksonville Terminal Co. v. Blanshard, 77 Fla. 855, 82 South. Rep. 300. See McQuaig v. Gulf Naval Stores Co., 56 Fla. 505, 47 South. Rep. 2, as to the liability of corporations under contracts in some cases.

This action is predicated, not merely upon a liability of the plaintiffs for attorneys' fees in the condemnation proceedings, but upon the express provision of the statute that in condemnation proceedings "a reasonable attorney's fee for the defendant," "shall be paid by the petitioner," who is the defendant in this action. In conferring the power of eminent domain, the legislature imposed as a condition to its exercise that the petitioner shall pay the defendant a reasonable attorney's fee as well as all costs of the proceeding.

As the statute imposes upon the petitioner in condemnation proceedings a liability to pay "a reasonable attorney's fee for the defendant" in the condemnation proceedings; and as the petitioner, by dismissing the proceedings before

final judgment, cannot deprive the defendant of "a reasonable attorney's fee" for actual services rendered in the case, the declaration here does not wholly fail to state a cause of action, therefore the court will not be held in error for overruling the demurrer, there being no ground of the demurrer that the declaration did not demand "a reasonable attorney's fee for the defendant" for professional services rendered in the condemnation proceedings before such proceedings were dismissed. In view of the stipulation of facts it does not appear that errors, if any, in eliminating pleas, or in other rulings of the court, were material.

Under the statute then liability of the petitioner in condemnation proceedings is to the defendant in the case and not to the defendant's attorney, for "a reasonable attorney's fee," and this liability of the petitioner arises upon the employment of an attorney by the defendant and the rendering of service by such attorney in the condemnation proceedings. It is expressly stipulated that in the condemnation proceedings brought by the terminal company, the defendant employed designated counsel "as their attorneys in the condemnantion suit;" that "said attorneys were employed immediately upon the institution of the condemnation proceedings and that the said cause had the personal attention" of one of such counsel "throughout," &c., specifying professional services rendered in the case; and "that in the opinion of experienced attorneys practicing in this court a reasonable fee for the services actually rendered by said attorneys for the defendants in the said condemnation case would be five per cent. upon the amount involved," which amounts to $1,750.00 as claimed.

On these stipulations the court was warranted in directing a verdict for the plaintiffs and in entering judgment

thereon for the stated amount, the pleadings being a legal basis for the recovery, in view of the terms of the statute above quoted, imposing the liability upon petitioner in condemnation proceedings for "a reasonanble attorney's fee for the defendant" in such proceedings.

Affirmed.

TAYLOR, C. J., AND ELLIS, BROWNE, WEST AND TERRELL, JJ., concur.