In re CLARK'S ESTATE.

BRUNSTETTER v. CITY OF MIAMI.

No. 13181.

United States Court of Appeals
Fifth Circuit.

April 3, 1951.

Earl D. Waldin, Jr., Miami, Fla., for appellant.

S. O. Carson, J. W. Watson, Jr., Miami, Fla., for appellee.

Before HOLMES, BORAH, and STRUM, Circuit Judges.

STRUM, Circuit Judge.

The City of Miami, Florida, instituted a proceeding in eminent domain in the State Circuit Court for Dade County, to acquire a tract of land for park purposes. After the landowner had incurred expenses for attorney's fees in preparing and filing his answer, in which he opposed the taking, the City voluntarily dismissed the proceeding. There was no actual physical appropriation of the lands, nor did title pass to the City. No attorney's fees were allowed to the landowner in the State Court proceeding.

The landowner thereafter sued in the United States District Court to recover a reasonable sum for attorney's fees in the condemnation proceeding, to which he contends he is entitled under secs. 73.11, 73.16, and 74.10, Fla.Stats.Ann., idem Fla.Stats. 1949. The trial Court denied recovery. The landowner having died during the pendency of this suit, his administrator appeals.

Sec. 73.11, supra, provides that in eminent domain proceedings the "verdict" shall include, inter alia, "a reasonable attorney's fee for the defendant's attorney". Sec. 73.16 provides that "All costs of proceedings shall be paid by the petitioner, including a reasonable attorney's fee to be assessed by the jury * * *." Sec. 74.10 contains substantially the same provision as to attorney's fees. The Florida statutes are silent as to attorney's fees in circumstances where, as here, the condemnation proceeding is dismissed before trial, so that there is no jury to assess the amount of the fee, and no verdict in which to include it.

In Jacksonville Terminal Company v. Blanshard, 77 Fla. 855, 82 So. 300, and Jacksonville Terminal Company v. Blanshard, 85 Fla. 500, 96 So. 286, it was held that attorney's fees, in these circumstances, could be recovered from a quasi public corporation (a terminal company) in an independent suit, though not in the abandoned condemnation proceeding itself. Appellant relies primarily upon these cases for his recovery here.

■ There is a recognized distinction, however, between the liability of a quasi public corporation, such as a terminal company, and that of a purely public corporation, such as a municipality, for attorney's fees in these circumstances, even where the same statutes are involved. Nifong v. Texas Empire Pipe Line Co., 225 Mo.App. 1134, 40 S.W.2d 522, 523; St. Louis Brewing Ass'n v. City of St. Louis, 168 Mo. 37, 67 S.W. 563, 565. The quasi public corporation is created by the voluntary action of its members. It derives its income from private sources, and is operated for private gain. Its functions are proprietary, not governmental. The public corporation is created in invitum, by legislative act. In its governmental functions it exercises by delegation a part of the State's sovereignty for the benefit of the public. Its income is derived by public taxation, and these funds may be used for municipal purposes only. Art. IX, sec. 5, Fla.Constitution, F.S.A. The Courts tend to conserve these public funds against the expense of litigation, unless a legislative intent to render them liable is clearly expressed by statute.[1] The city was acting here in the exercise of its governmental functions, not in a proprietary capacity.

■ The allowance of attorney's fees to the landowner in eminent domain proceedings is wholly statutory. Even though the Florida statutes authorize the recovery of a fee against a municipality where

1. Even a quasi public corporation is not always held liable in these circumstances. Howard v. Ill. Cent R.R. Co., 7 Cir., 64 F.2d 267; Todd v. Atchison, T. & S. F. Ry. Co., 134 Kan. 459, 7 P.2d 79; Ex parte Savannah River Elec. Co., 169 S.C. 198, 168 S.E. 554, Note, 31 A.L.R. 355.

the proceeding goes to verdict and final judgment and the land is appropriated for public use, there is no clear provision for such a recovery where, as here the proceeding is dismissed in good faith before trial, without undue delay, and there has been no acquisition of title, nor physical appropriation of the land. Expense incurred by a landowner in these circumstances is regarded as a loss resulting from the lawful exercise by the city of a discretionary governmental power, and hence is damnum absque injuria. The trial Court properly denied a recovery in these circumstances, even though a quasi public corporation, because of fundamental differences in its status and functions, is liable in the same circumstances. Meadow Park Land Co. v. School District, 301 Mo. 688, 257 S.W. 441, 31 A.L.R. 343; St. Louis Brewing Ass'n v. City of St. Louis, 168 Mo. 37, 67 S.W. 463; Kanakanui v. United States, 9 Cir., 244 F. 923, 926; State ex rel. State Highway Comm. v. James, Mo. App., 115 S.W.2d 225; Manley v. State Highway Commission, Mo.App., 82 S.W.2d 619; Gibson Properties Co. v. City of Oakland, 12 Cal.2d 291, 83 P.2d 942 (last paragraph of opinion); 30 C.J.S., Eminent Domain, pp. 15, 92, §§ 339, 386; 20 C.J. 1146, 1147, note 81.

Appellant further contends that unless he is reimbursed for his attorney's fees necessarily incurred by reason of the institution of the eminent domain proceeding, he is at least to that extent deprived of his property without just compensation, contrary to Federal and State constitutions. But attorney's fees are not embraced within the "just compensation" to be paid for lands taken by eminent domain. A state may deny attorney's fees altogether, or it may allow the recovery thereof in some classes of proceedings, while withholding it in others, provided the classification be a reasonable one. In withholding attorney's fees here, there is no denial of just compensation in the constitutional sense. Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904; 68 A.L.R. 434.

Affirmed.