60 So.2d 915 (1952)
DE SOTO COUNTY
v.
HIGHSMITH.
Supreme Court of Florida, Special Division A.
October 21, 1952.
Rehearing Denied November 12, 1952.
M.A. Rosin, Rosin, Paderewski & Lewis, Arcadia, for appellant.
Lewis E. Purvis, Arcadia, for appellee.
MATHEWS, Justice.
Under the provisions of Chapters 73 and 74, F.S.A., De Soto County, a political subdivision of the State of Florida, instituted condemnation proceedings and in connection therewith a declaration of taking under supplementary proceedings. The landowner, Highsmith, employed an attorney to represent him in all of these proceedings. The constitutional validity of the declaration of taking proceedings was questioned and this question was eventually certified to this Court. Before a hearing was had on the declaration of taking proceedings, the matter was abandoned by De Soto County after considerable work had been done in the Court below and briefing for this Court.
In the answer to the condemnation proceedings the questions of necessity and good faith were raised and there were several hearings in the Circuit Court and numerous conferences of attorneys in settlement of pleadings and other matters.
After the proceedings had been pending for some time the condemnation proceedings and the declaration of taking were dismissed by De Soto County at its cost. The appellee demanded before dismissal of the proceedings that De Soto County pay a reasonable fee which he had incurred for the services of his attorney. The Circuit Court permitted a dismissal of all the proceedings without the settlement of the matter of attorney's fees.
*916 Subsequently the appellee filed the present suit to recover reasonable attorney's fees incurred by him in the condemnation proceeding. To the complaint De Soto County filed answers in which it asserted that attorney's fees were peculiarly statutory and could not be allowed unless the condemnation action instituted by the county proceeded to a verdict by the jury and that the county, having voluntarily dismissed the proceedings, attorney's fees could not be recovered from the county in the absence of a statute specifically providing for such liability on the part of the county. The question propounded is: Absent statutory authority, may a governmental subdivision be made to pay a reasonable attorney's fee to the condemnee in a separate suit, when the condemnation action has been voluntarily dismissed?
In the case of Jacksonville Terminal Co. v. Blanshard, 77 Fla. 855, 82 So. 300, and in Jacksonville Terminal Co. v. Blanshard, 85 Fla. 500, 96 So. 286, a similar situation was disposed of. In the first case it appeared that the Jacksonville Terminal Company sought to condemn certain lands and after some pleadings had been filed, the Terminal Company filed a praecipe for dismissal and the Clerk entered an order that the cause be "and is hereby dismissed at the cost of the plaintiff." Thereafter the defendants moved the court for a taxation of their costs including a reasonable attorney's fee. The court granted this motion and ordered the costs to be paid including a reasonable attorney's fee determined by a jury.
The Terminal Company filed objections to any further proceedings to have reasonable attorney's fees determined on the ground that the Court had no authority to proceed further about attorney's fees by having the same determined by a jury after the Terminal Company had abandoned its proceedings and dismissed it. It was also contended that Section 29 of Article 16 of the Constitution of Florida, F.S.A., did not authorize the payment of attorney's fees. All objections were overruled and the Circuit Court caused a jury of twelve men to be sworn and testimony to be taken as to the value of attorney's fees. The case was appealed to this Court and it was held that the provision of the Constitution granting to railroad companies the right of eminent domain does not prohibit the Legislature from providing for the payment of attorney's fees to the party whose land is sought to be condemned. At that time Section 2020, General Statutes of Florida 1906, as amended by Laws of 1907, Chapter 5707, F.S.A. § 73.16, relating to condemnation proceedings was in full force and effect and provided:
"All costs of proceedings shall be paid by the petitioner, including a reasonable attorney's fee for the defendant to be assessed by the jury."
In reversing the case of Jacksonville Terminal Co. v. Blanshard, 77 Fla. 855, 82 So. 300, the Court said:
"The statute allowing an attorney's fee contemplates its being paid by the petitioner whether the suit is prosecuted to final judgment or dismissed at the instance of petitioner, but there is no warrant in law for execution to issue on a judgment in condemnation proceedings, except the general provision of execution for costs, and the party entitled to attorney's fees, unless the petitioner takes the land, must recover for his expenses in employing an attorney by an independent suit." (Emphasis supplied.)
It should be noted that the statutory authority for eminent domain proceedings was the same whether the authority was exercised by a quasi public corporation such as a railroad company or a county or city. It would appear that the constitutional provision as to eminent domain in so far as counties, cities and other political subdivisions of the state are concerned is governed by Section 12 of the Declaration of Rights, F.S.A., and with reference to "any corporation or individual" by Section 29 of Article 16 of the Constitution. These provisions of the Constitution are simply limitations upon the power of the Legislature and, except as limited or prohibited by the Constitution, proceedings for the acquisition of property by eminent domain shall be as prescribed by law or by the Legislature.
*917 In the second case of Jacksonville Terminal Co. v. Blanshard, 85 Fla. 500, 96 So. 286, 287, a declaration was filed setting forth the proceedings instituted by the Jacksonville Terminal Company; the dismissal of such proceedings; and that the landowner incurred liability for attorney's fees in and about the defense of the proceedings. There was no question about the fact that the landowner had incurred liabilities for attorney's fees in the condemnation proceedings for the value of such services. The Circuit Judge directed a verdict for the landowner, new trial was denied, and the defendant took writ of error to this Court. In affirming this judgment this Court said:
"This action is predicated, not merely upon a liability of the plaintiffs for attorney's fees in the condemnation proceedings, but upon the express provision of the statute that in condemnation proceedings, `a reasonable attorney's fee for the defendant' `shall be paid by the petitioner,' who is the defendant in this action. In conferring the power of eminent domain, the Legislature imposed as a condition to its exercise that the petitioner shall pay the defendant a reasonable attorney's fee as well as all costs of the proceeding.
"As the statute imposes upon the petitioner in condemnation proceedings a liability to pay `a reasonable attorney's fee for the defendant' in the condemnation proceedings, and as the petitioner, by dismissing the proceedings before final judgment, cannot deprive the defendant of `a reasonable attorney's fee' for actual services rendered in the case, the declaration here does not wholly fail to state a cause of action, therefore the court will not be held in error for overruling the demurrer, there being no ground of the demurrer that the declaration did not demand `a reasonable attorney's fee for the defendant' for professional services rendered in the condemnation proceedings before such proceedings were dismissed. * * *
"* * * the court was warranted in directing a verdict for the plaintiffs and in entering judgment thereon for the stated amount, the pleadings being a legal basis for the recovery, in view of the terms of the statute above quoted, imposing the liability upon a petitioner in condemnation proceedings for `a reasonable attorney's fee for the defendant' in such proceedings."
The appellant relies upon the case of In re Clark's Estate, Brunstetter v. City of Miami, 5 Cir., 187 F.2d 1003. In that case the United States Court of Appeals based its opinion upon a distinction between a political subdivision of the state, such as, a county and a quasi public corporation, such as a railroad, when no such difference or distinction exists under the statutory laws of the State of Florida with reference to proceedings in eminent domain. There may be some constitutional distinctions between Section 12 of the Declaration of Rights which contains prohibitions with reference to the taking of private property without due process of law or without just compensation, and the right of eminent domain granted to quasi public corporations such as a railroad company under Section 29 of Article 16 of the State Constitution. There is, however, no distinction between the statutory proceedings for the exercise of eminent domain. The Legislature had the same right and authority to provide for reasonable attorney's fees in such proceedings as it had to provide for the taxing of costs. The only difference is that the amount of costs for each specific act is provided by statute and it is a mere mathematical calculation to determine the amount of costs which may be taxed by the Clerk. In order that the landowner in the free use and possession of his land may not be unduly penalized by a political subdivision or a quasi public corporation, the Legislature had the same authority and power to provide for attorney's fees to be paid to the landowner as it had to provide for the taxing of costs in his favor.
In the two cases of Jacksonville Terminal Co. v. Blanshard, 77 Fla. 855, 82 So. 300, and Jacksonville Terminal Co. v. Blanshard, 85 Fla. 500, 96 So. 286, the Court *918 construed the statutory law with reference to attorney's fees in condemnation proceedings and this construction is binding whether the proceedings be maintained by a quasi public corporation or a political subdivision of the state unless the statutory law as it existed at that time has been changed or modified by statute.
The law as it existed at the time of the two cases of Jacksonville Terminal Co. v. Blanshard, 77 Fla. 855, 82 So. 300, and Jacksonville Terminal Co. v. Blanshard, 85 Fla. 500, 96 So. 286, has been modified to some extent by Chapter 74, F.S.A., sometimes referred to as the "Declaration of Taking" Statute. Even with this modification we find that Section 74.10, F.S.A., contains a special provision with reference to declaration of taking, reading in part as follows:
"All costs of proceedings shall be paid by the petitioner, including a reasonable attorney's fee for the defendant to be assessed by the jury, * *."
Chapter 20930, Laws of Florida 1941, is now Chapter 73, F.S.A., and was "An Act Relating to Eminent Domain and Making Uniform the Pleading, Practice and Procedure Therein." Section 1 of Chapter 20930, Laws of Florida 1941, which is Section 73.01, F.S.A., provides:
"That whenever the right, to take private property for public use without the consent of the owner, is now, or may hereafter be, conferred by the constitution or any general or local law of this state upon the state or any of its bodies politic and corporate, upon any state, county, municipal or district authority, public body, officer or agent, upon the United States or upon any other person, firm or corporation, those having such right may file a verified petition therefor in the circuit court of the county wherein the property lies, which petition shall set forth: * * *."
Section 73.16, F.S.A., which is Section 16 of Chapter 20930, Laws of Florida 1941, reads as follows:
"All costs of proceedings shall be paid by the petitioner, including a reasonable attorney's fee to be assessed by the jury, * * *."
and is the same as Section 2020, General Statutes of Florida 1906, as amended by the laws of 1907, Chapter 5707, which was in full force and effect at the time of the two cases of Jacksonville Terminal Co. v. Blanshard, 77 Fla. 855, 82 So. 300, and Jacksonville Terminal Co. v. Blanshard, 85 Fla. 500, 96 So. 286.
The appellant also relies upon the case of Bigham v. State ex rel. Ocala Brick & Tile Co., 115 Fla. 852, 156 So. 246. This was a proceeding where the initial proceedings were similar to the case of Jacksonville Terminal Co. v. Blanshard, 85 Fla. 500, 96 So. 286, in that eminent domain proceedings had been instituted by Sumter County and then abandoned by the county. There was some kind of agreement between the parties as to what would be a reasonable fee and the county agreed to pay such fee but then refused to do so. Mandamus proceedings were instituted in an attempt to force payment. Many questions peculiarly applicable to mandamus proceedings were raised in that case, such as: clear legal right to the writ; authority of county commissioners to determine reasonable fees when the statute requires the same to be determined by a jury; controlling the discretion of the board of county commissioners; the existence of a clear legal right and the lack of funds to pay. The case of Bigham v. State ex rel. Ocala Brick & Tile Co., supra, has no bearing upon the equities involved in the case at bar, and does not change or modify in any respect the principles of law announced in the two cases of Jacksonville Terminal Co. v. Blanshard, 77 Fla. 855, 82 So. 300, and Jacksonville Terminal Co. v. Blanshard, 85 Fla. 500, 96 So. 286.
There were no disputes or conflicts as to questions of fact. The Circuit Judge did not commit error by instructing the jury to return a verdict for the plaintiff in the Court below, the appellant here.
Affirmed.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.