114 So.2d 737 (1959)
BROWARD COUNTY and State Road Department of Florida, Appellants,
v.
H.E. BOULDIN et al., Appellees.
No. 674.
District Court of Appeal of Florida. Second District.
September 25, 1959.
Rehearing Denied October 21, 1959.
*738 John U. Lloyd, Fort Lauderdale, for appellant, Broward County.
Jack W. Pierce, Tallahassee, for appellant, State Road Department.
George W. Kates and Lewis M. Ress, North Miami, for appellees.
THORNAL, CAMPBELL, Associate Judge.
The appellants Broward County and the State Road Department of Florida, who were defendants below, seek reversal of a final decree in favor of Bouldin, plaintiff below, in a proceeding to enjoin appellants from extending a public road over the land of the appellees.
The determining point is whether the appellants had the power to widen a roadway acquired by prescription and if so, the extent of the widening.
For more than four years prior to December 1956, appellant Broward County had maintained and repaired a public road extending over a portion of land owned by appellee Bouldin. The paved portion of the road was 18 feet in width. The county maintained the shoulder and ditch 6 feet in width on each side of the pavement. The center line of the pavement was the south line of Bouldin's property. Neither the County nor the State Road Department had ever acquired by conveyance either an easement or the fee title to the maintained roadway. It will, therefore, be noted that the easement by prescription was acquired over the south 15 feet of Bouldin's property. *739 In December 1956, the County and the Road Department undertook to widen the pavement to an overall width of 24 feet, using 3 feet of the ditch and shoulder on each side for pavement. Obviously, this would have left only 3 feet for shoulder and ditch on each side of the pavement after it was completed. Bouldin sought a temporary restraining order to stop the road building. This was denied. The County and Road Department proceeded to widen the pavement as planned and on final hearing the Chancellor concluded that the widening of the pavement, in effect, constituted a trespass on Bouldin's property to the extent of 3 feet, and that as a result the County and Road Department, as well as the public, were trespassing an additional 3 feet over the Bouldin property. This conclusion was reached in the light of testimony to the effect that a 6 foot shoulder was essential to the maintenance of the 18 foot road. The Chancellor drew the conclusion that after the road was paved to 24 feet, a shoulder at least 6 feet in width would be needed. He found as a fact that the appellants were actually trespassing on the lands of Bouldin to the extent of 3 feet. By the decree he directed the County to condemn this additional 3 feet or else remove 3 feet of the new pavement on Bouldin's side of the road. He also concluded that the County should be held liable for the costs. Reversal of this decree is now sought.
The appellants contend that they were within their lawful authority when they widened the pavement; that the width of necessary shoulders should be determined by the Road Department rather than by a court, and finally, that the County should not be held liable for the cost.
Bouldin contends that the result of the widening was an actual trespass on his land and as much as he was compelled to bring this proceeding to force the appellants to do their lawful duty, he should not be required to pay the costs.
The parties are not in accord as to the width of the original pavement or the width of the roadway as maintained by Broward County. The evidence, however, adequately supports the conclusion of the Chancellor to the effect that the original pavement was 18 feet wide with a 6 foot ditch and shoulder on each side. The evidence on the point being in conflict we find no basis for disturbing the finding of the Chancellor on this point. He was, therefore, correct in concluding that under Section 337.31, Florida Statutes, F.S.A. (formerly Section 341.59, Florida Statutes) the County had acquired an easement for road purposes over the 30 foot strip, 15 feet of which were located on Bouldin's land.
Generally, the width of a prescriptive way is limited to the extent of the actual user. However, it is well settled that when a public easement by prescription is acquired for road purposes, the width of the easement is not limited to that portion of the roadway actually traveled or paved. It includes also the land which is needed and used for the support and maintenance of the paved or traveled portion. This includes shoulders and ditches. 25 Am.Jur., Highways, Section 36, page 359; 39 C.J.S. Highways § 20, p. 938; Campbell v. Covington County, 161 Miss. 374, 137 So. 111; Grubb v. Teale, 265 Ala. 257, 90 So.2d 727.
We have examined the cases cited by the appellants for a contrary rule but do not find that they are applicable in the case at bar.
Section 337.31, Florida Statutes, F.S.A., recognizes the acquisition of an easement for road purposes and the dedication of the roadway to the public "to the extent in width which has been actually worked" for a period of four years. We think that our conclusion is further supported by Section 334.03(13), Florida Statutes, F.S.A., which defines a road as including the road bed, right-of-way, culverts, ditches, slopes and embankments. *740 We, therefore, conclude that Broward County had acquired an easement for public road purposes to the extent of the south 15 feet of Bouldin's land.
Having acquired the easement for road purposes the County, with the assistance of the State Road Department, was authorized to extend the pavement within the area of the acquired easement so long as the result of the improvement was not a further encroachment upon the Bouldin property. The added pavement was widened with the use of the property pursuant to the highway easement acquired. This, however, does not authorize the appellants to encroach further on the abutting private property.
The Chancellor found, and there was evidence to support his finding, that as a result of the widening the appellants encroached an additional 3 feet on the property of Bouldin. We understand the finding to be that such additional 3 feet were being used for necessary shoulders and ditches. The decree then directed the appellants to proceed to acquire the additional land which had been subjected to their trespass. We can find nothing wrong with this order. The County, having the power of eminent domain, could properly be ordered to exercise the power as a method of compensating the private property owner for the property taken for public purposes. This is a method of restitution which has been recognized by this Court in similar situations. State Road Department of Florida v. Tharp, 146 Fla. 745, 1 So.2d 868; Weir v. Palm Beach County, Fla. 1956, 85 So.2d 865. The Florida Constitution recognizes that the private property owner is entitled to just compensation for his property taken and used for public purposes. When a public agency of its own volition moves on to private property and proceeds to use it for public purposes, the property owner is justified in seeking relief through the courts, and thereby compelling the public agency either to restore the property taken or to compensate the owner for the taking.
The Chancellor, therefore, ruled correctly in directing the appellants either to remove the additional pavement which resulted in the trespass on appellee's property or, in the alternative, to proceed to exercise the power of eminent domain as a method of restitution and to determine the compensation to be paid to the appellee Bouldin for the additional property taken.
We are next confronted by the contention of the appellants that the Chancellor committed error in assessing costs in the instant proceeding against appellant Broward County.
It should be recalled that this was an equity proceeding instituted originally to enjoin the commission of a trespass. The plaintiff appellee in the alternative ultimately sought to compel the appellants either to remove the additional pavement or to proceed to condemn the additional property taken. Unlike some of our precedents, this was not a class suit in which the Chancellor undertook to fix the value of the property taken as an incident to the exercise of his equity powers. Hillsborough County v. Kensett, 107 Fla. 237, 138 So. 400, 144 So. 393; State Road Department v. Bender, 147 Fla. 15, 2 So.2d 298. In the instant case an individual property owner was seeking equity relief to prevent the trespass or in the alternative to compel the exercise of the power of eminent domain to compensate therefor. State Road Department of Florida v. Tharp, supra.
Appellee suggests that the order directing the county to pay the costs is supported by State Road Department v. Bender, supra. We think, however, the decision relied upon does not support the conclusion of the trial judge. This is so because in the Bender case the Chancellor proceeded at once to value the property and make an award by his final decree. *741 In the instant case the Chancellor merely directed the County and the Road Department to proceed to acquire the property as a condition to its continued use. National Rating Bureau Inc. v. Florida Power Corp., Fla. 1957, 94 So.2d 809, 64 A.L.R.2d 859. It is a rule generally accepted in this State that neither the State nor its agencies can be subjected to the payments of costs in the absence of statute or contract. Corneal v. State Plant Board, Fla. 1958, 101 So.2d 371; State ex rel. Ervin v. Colonial Acceptance, Inc., Fla. 1955, 80 So.2d 681. It is settled that in Florida a County is a political division of the State. Masters v. Duval County, 114 Fla. 205, 154 So. 172. We, therefore, have the view that in this particular proceeding the Chancellor committed error in awarding the judgment for costs against Broward County.
However, our Constitution requires that just compensation be paid when private property is taken for public purposes, Section 12, Declaration of Rights, F.S.A.Const., and Section 73.16, Florida Statutes, F.S.A., allows recovery of costs when a public agency proceeds to acquire private property by the exercise of the power of eminent domain. We, therefore, have the view that in any proceeding instituted by Broward County to acquire the additional property of the appellee Bouldin needed for the roadway which is the subject of this suit, the amount of the costs expended herein by the appellee in protecting his property against illegal encroachment by the public agency might properly be considered as an element of damages in arriving at the amount of "just compensation" to be paid to him. Jacksonville Terminal Co. v. Blanshard, 85 Fla. 500, 96 So. 286; De Sota County v. Highsmith, Fla., 60 So.2d 915.
The final decree is affirmed in part and reversed in part.
It is so ordered.
ALLEN, C.J., and KANNER, J., concur.