210 So.2d 802

**Gregory H. PAPPAS et al.**

v.

**CITY OF EUFAULA.**

**4 Div. 223.**

Supreme Court of Alabama.

May 23, 1968.

George B. Azar, Azar, Campbell & Azar, Montgomery, Christie G. Pappas, Eufaula, for appellants.

Grubb & Le Maistre, Eufaula, for appellee.

COLEMAN, Justice.

The plaintiffs appeal from a judgment of voluntary nonsuit. The court sustained defendant's demurrer to the complaint. This caused plaintiffs to take the nonsuit and seek reversal of the ruling sustaining the demurrer.

The allegations of the complaint are to effect that plaintiffs claim the right to

recover from the City of Eufaula, a municipal corporation, damages and attorney's fees sustained by plaintiffs as the result of the institution of eminent domain proceedings by the city against property of the plaintiffs, and the dismissal of the eminent domain proceedings by the city prior to the assessment of damages and compensation for plaintiffs' property. In short, the city instituted the eminent domain proceedings against the property of plaintiffs; plaintiffs employed counsel and incurred expense in defending the suit; but the city dismissed the proceedings before the court assessed the amount of damages and compensation which the city would be required to pay before the city could take plaintiffs' property.

Plaintiffs rest their right to recover on § 25 of Title 19, Code 1940, which recites:

"The applicant may pay the damages and compensation assessed at any time within six months after the assessment thereof, or, in case an appeal is taken, within six months after the appeal is determined; but if he fails to pay the same within such time, such assessment shall cease to be binding on the owner of the lands or other party interested therein, and the rights of the applicant thereunder shall determine; and, upon such failure, the applicant shall be liable to the owner or other party for all damages the latter may have sustained by the institution of such proceedings, including a reasonable attorney's fee for defending the same."

The parties appear to concede that, under the statute, where the condemnation proceedings are instituted, the court proceeds to grant the application to condemn and assesses the damages and compensation, but, the condemnor fails to pay the amount of the award within six months after the assessment or within six months after the appeal is determined, then the condemnor is liable to the owner for all damages he may have sustained by institution of the proceedings, including a reasonable attorney's fee for defending the same. See Grief v. City of Homewood, 257 Ala. 181, 58 So.2d 120.

In the instant case, however, the proceedings were dismissed before the court assessed the damages and compensation to which the landowners were entitled. The city contends that, because the proceedings were dismissed before the assessment was made, and because the statute does not provide that the condemnor shall pay the owner's damages and attorney's fee until after assessment has been made, the owner is not, under the statute, entitled to recover his damages and attorney's fee in the instant case.

The plaintiffs contend that:

"* * * this Court should interpret the Statute presently before it as requiring the payment by the condemning authority of all cost and damages included in this Statute at anytime a condemnation proceeding is commenced and terminated in any manner other than by payment of an award to the landowner."

The question thus presented for decision is: Does the statute require the condemnor to pay the owner's damages and attorney's fee in a case where the damages and compensation, for the property sought to be condemned, have not been assessed and the condemnation proceedings have been dismissed?

If the statute requires the condemnor to pay only in cases where the damages and compensation have been assessed, then the plaintiffs have not shown a right to recover and the court did not err in sustaining the city's demurrer. On the other hand, if the statute requires the condemnor to pay in a case where damages and compensation have not been assessed and the condemnation proceedings have been dismissed, then the plaintiffs have shown a right to recover and the court erred in sustaining the demurrer.

In thus stating the case, we have pretermitted consideration of other objections which might be raised against plaintiffs' right to recover. Our decision is limited to the construction of the statute and consideration of the proposition asserted in argument by plaintiffs, on which proposition the city has joined issue.

█ We have accepted the principle in this state that, in the absence of contract, statute, or recognized ground of equity, there is no right to have an attorney's fee paid by the opposing party. Low v. Low, 255 Ala. 536, 52 So.2d 218; Inland Mutual Ins. Co. v. Hightower, 274 Ala. 52, 145 So.2d 422.

█ A statute in modification or derogation of the common law will not be presumed to alter it further than is expressly declared. Cook v. Meyer Bros., 73 Ala. 580, 583.

█ A statute which is an innovation upon the common law will not be extended further than is required by the letter of the statute. Lock v. Miller, 3 Stewart & Porter 13; Atlantic Coast Line R. Co. v. Kines, 276 Ala. 253, 258, 160 So.2d 869.

█ § 25 of Title 19 is an innovation on the common law and, therefore, is to be strictly construed. The statute provides that condemnor shall pay the owners' damages, including attorney's fee, when damages and compensation for the property to be taken have been assessed. The statute does not provide that condemnor shall pay where the damages and compensation have not been assessed. Such is the instant case. We are of opinion that the owners' right to recover is limited to the circumstances provided by the statute and that those circumstances are not shown here.

In 92 A.L.R.2d 357, will be found an annotation on the liability of condemnor for expenses incurred by the property owner where the eminent domain proceedings are abandoned. The general rule is summarized by the annotator as follows:

"While there is a conflict of authority on the question of the condemnor's liability, upon the abandonment of eminent domain proceedings, for the condemnee's attorney fees, expenses, and loss or damage incident to the proceedings, a majority of the cases support the view that in the absence of statute the condemnee is not entitled to a recovery, except for occupation damages, unless the condemnor is chargeable with bad faith or unreasonable delay.

"In denying the condemnor's liability, the courts have stated that all property is owned subject to the power of eminent domain and that damages which a landowner suffers as an incident to such proceedings and the subsequent abandonment thereof are damnum absque injuria, the condemnor being in the exercise of a legal right. No distinction has ordinarily been made, in the application of this rule, on the basis of the governmental, public, or quasi-public character of the condemnor, although in some cases liability has been denied under the rule of governmental immunity, even though malice, bad faith, or unreasonable delay was charged, where the condemnor was a public entity." (92 A.L.R.2d at 358 and 359)

We take the majority view that there can be no recovery without statutory authority, and hold that § 25, Title 19, is not authority for recovery by the plaintiffs under the circumstances of the instant case.

Plaintiffs rely on DeSoto County v. Highsmith, (Fla.), 60 So.2d 915, where the court held the property owner entitled to recover reasonable attorney's fees where the condemnation proceedings were dismissed by the condemnor. The Florida statute provided:

" 'All costs of proceedings shall be paid by the petitioner, including a reasonable attorney's fee for the defendant to be assessed by the jury, * * *.' " (60 So.2d at 918)

In allowing the recovery of attorney's fees, the court relied on its older case, Jacksonville Terminal Co. v. Blanshard, 85 Fla. 500, 96 So. 286, in which the court had allowed attorney's fees under the same statutory provision. In *Blanshard*, the court had said:

> "On these stipulations the court was warranted in directing a verdict for the plaintiffs and in entering judgment thereon for the stated amount, the pleadings being a legal basis for the recovery, *in view of the terms of the statute* above quoted, imposing the liability upon a petitioner in condemnation proceedings for 'a reasonable attorney's fee for the defendant' in such proceedings." (Emphasis Supplied) 96 So. at 287 and 288.

§ 25 of Title 19 makes the condemnor's liability dependent "upon such failure," that is, condemnor's failure to pay "the damages and compensation assessed" within the specified six months. The Florida statute does not make condemnor's liability for defendant's attorney's fee dependent "upon such failure" to pay the assessment. The Florida statute places no conditions or limitations on the petitioner's (condemnor's) liability for all costs, including fee for defendant's attorney. Because of the difference in the statute, the Florida court reached a result different from the result we reach under § 25 of Title 19.

We do not question the justice of allowing the owner to recover expenses and attorney's fees incurred in defending the condemnation proceedings. The legislature, however, and not this court, is the authority authorized to change the law in this respect.

The judgment sustaining the demurrer is in accord with the views herein expressed and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and KOHN, JJ., concur.