236 So.2d 761 (1970)
CITY OF HALLANDALE, a Florida Municipal Corporation, Petitioner,
v.
William F. CHATLOS, Acmar Engineering Corp., a Florida Corporation, M.L. Watson, A.J. Dodge, G.B. Dodge, Jr., P.L. Watson and Ruby M. Watson, His Wife, Respondents.
No. 39145.
Supreme Court of Florida.
June 3, 1970.
*762 Fred J. Ward, of Crouch & Ward, Hallendale, for petitioner.
E.F.P. Brigham of Brigham & Brigham, Miami, for William F. Chatlos.
Lucien C. Proby, Jr., of Pallot, Silver, Pallot, Stern, Proby & Adkins, Miami, for Acmar Engineering Corporation.
Antonio Martinez, Jr., and Thomas H. Anderson, of Shutts & Bowen, Miami, for Watson and Dodge.
ADKINS, Justice.
This case arose when petitioner City of Hallandale commenced condemnation proceedings. After answers were filed by all respondents, and motions to dismiss were pending, the petitioner terminated the proceedings and filed notice of dismissal under R.C.P. 1.420(a), 30 F.S.A. On motion by respondents, the trial court assessed attorneys' fees against petitioner.
Petitioner sought certiorari in the District Court of Appeal, Fourth District, on the question whether a trial judge has jurisdiction to determine attorneys' fees in a condemnation proceeding that has been terminated by condemnor filing notice of dismissal, where
(1) No order for taking has been requested,
(2) There has been no appropriation of or use of the lands, and
(3) No jury trial has been conducted.
The District Court denied certiorari.
We took jurisdiction on writ of certiorari to resolve apparent conflict in the result reached by the District Court with prior appellate decisions on the question central to this case.
In Jacksonville Terminal Co. v. Blanshard et al., 77 Fla. 855, 82 So. 300 (Fla. 1919), we held that a landowner whose land was subject to condemnation must file *763 a separate suit to recover attorneys' fees where a railroad's condemnation suit was dismissed before jury determination. The decision was adhered to after retrial; 85 Fla. 500, 96 So. 286 (Fla. 1923). We reaffirmed our decision in Jacksonville Terminal Co., supra, when we decided DeSoto County v. Highsmith, 60 So.2d 915 (Fla. 1952), stating that where the trial court had terminated a condemnation proceeding which had been dismissed, a separate suit for attorneys' fees would be permitted.
Subsequent to these decisions, with which conflict is alleged, the Florida Legislature altered the law, removing the requirement of jury trial to determine attorneys' fees, removing the requirement of a separate trial, and changing the definition of attorneys' fees to include them as part of costs. The statute, as enacted in 1963 and renumbered in 1965, provides:
"The petitioner shall pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorney's fee to be assessed by that court."
Laws of 1965, Ch. 65-369. The provision is now Fla. Stat. § 73.091, F.S.A.
A reading of the pertinent statutory provision reveals that the Legislature intended that attorneys' fees be considered part of the costs of the proceeding, that the fees be assessed by the court, and that all reasonable costs be paid for the proceeding.
In Chatlos v. City of Hallandale, 220 So.2d 353 (Fla. 1969), this case was before us for review of other issues. We stated (at page 355):
"We expressly do not pass upon the question of * * * whether the proper method of recovering such attorneys' fees and costs would be by an independent suit."
This question we have examined in the present case. We conclude that in light of the statute enacted by the 1963 Legislature, which changed the law from that established in our decisions cited for conflict, any conflict which does exist is purely illusory, and the order of the trial judge granting attorneys' fees is within the purview of Fla. Stat. § 73.091, F.S.A.
We note that our conclusion accords with R.C.P. 1.420, which permits voluntary dismissal of actions, but also adds:
"Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action." (Subsection (d)).
We construe this to mean that costs, including attorneys' fees, are to be assessed and judgment entered for them in the same action which is the subject of voluntary dismissal under R.C.P. 1.420(a).
We conclude that we lack jurisdiction. F.A.R. 2.1, subd. a(5) (b), 32 F.S.A. The writ heretofore issued is therefore discharged. Respondents' motions for attorneys' fees for appellate proceedings are remanded to the District Court of Appeal, Fourth District, to further remand to the trial court, for determination of the value of attorneys' fees in appellate proceedings.
It is so ordered.
ERVIN, C.J., and ROBERTS, CARLTON and BOYD, JJ., concur.
THORNAL, J., agrees to discharge of writ on jurisdictional grounds with opinion.
DREW, J., dissents with opinion.
DREW, Justice (dissenting).
I respectfully dissent.
The majority opinion seems to be premised upon the proposition that the decisions of this Court in Jacksonville Terminal Co. *764 v. Blanshard[1] and DeSoto County v. Highsmith[2] have been rendered inoperative by the amendment to the Eminent Domain Statute of 1963, requiring attorney's fees to be assessed by the court instead of a jury. This amendment does not in any way alter either the holding or the rationale upon which the above cases rest. At the time these cases were decided the statute then in effect provided that all cost of proceedings, including a reasonable attorney's fee, should be paid by the petitioner. Attorney's fees were characterized in the statute in effect when Blanshard and Highsmith were decided as costs. It is highly pertinent to note that in Blanshard this Court carefully pointed out that attorney's fees were not technically costs under the statute "and the word `including' as used in the statute is a word of enlargement and in this sense is equivalent to `and'".[3] In Highsmith [decided many years later] this question is further discussed and there the court carefully points out that costs are generally assessed on a mathematical basis by the Clerk, whereas attorney's fees are determined on an entirely different basis.
There is another and more cogent reason why I must respectfully dissent from the views of the majority. The statute provides that upon the voluntary dismissal of eminent domain proceedings "the proceedings shall be null and void" (Florida Statutes, Section 73.111, F.S.A.) [Emphasis added]. This section, construed with Rule 1.420, Florida Rules of Civil Procedure, may well authorize the award of costs such as the cost of filing suit, sheriffs' fees and other matters which may be readily calculated and are ordinarily categorized as costs.[4] There is no constitutional or statutory right to the recovery of attorney's fees absent a taking of the land of the condemnee.
As pointed out in Jacksonville Terminal Co. v. Blanshard:[5]
"A party whose land is sought to be condemned has no greater rights when the case is dismissed before the verdict, than where the petitioner fails to pay the money into court within 30 days after the rendition of the judgment. In neither instance can he recover on a judgment for attorney's fees in the condemnation proceedings, unless the petitioner takes the land, and voluntarily pays the amount into the court within 30 days." [Emphasis added.]
To me the conclusion is inescapable that this case is controlled completely by Jacksonville Terminal Co. v. Blanshard, supra, and DeSoto County v. Highsmith, supra. The liability of the condemning authority for attorney's fees where land is taken is premised upon the constitutional provisions[6] construed by us as providing for the condemnee to receive the full value of his land without diminution. On the other hand where a suit is voluntarily dismissed and the property is never taken, liability for attorney's fees is premised as I understand the law upon the theory that the condemning authority is liable for such damages as the condemnee suffers by virtue *765 of the institution and defense of the proceedings.
I would quash the decision of the district court and remand the cause to the trial court for further proceedings consistent with the views expressed in Jacksonville Terminal Co. v. Blanshard and DeSoto County v. Highsmith.
THORNAL, Justice (concurring in judgment).
I concur in the judgment of discharge prepared by Justice ADKINS. Since we do not have jurisdiction any discussion of the merits is mere obiter. I have the view that there is no jurisdictional conflict.
NOTES
[1] 77 Fla. 855, 82 So. 300 (Fla. 1919).
[2] 60 So.2d 915 (Fla. 1952).
[3] This pertinent language is identical in the statute as construed in Blanshard and the statute now in effect.
[4] See Solar Research Corp. v. Parker, 221 So.2d 138 (Fla. 1969).
[5] 77 Fla. 855, 859; 82 So. 300, 301 (Fla. 1919).
[6] Fla. Const.Decl. of Rights, § 12 (1885):

"Nor shall private property be taken without just compensation." Fla. Const. art. XVI, § 29 reads as follows: "No private property, nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; which compensation, irrespective of any benefit from any improvement proposed by such corporation or individual, shall be ascertained by twelve jurors in a court of competent jurisdiction, as shall be prescribed by law."