WELLS, J.
MK Enterprises, LLC., plaintiff below (herein MK), appeals from a trial court order on defendant’s motion for stay pending payment of costs and attorney’s fees, order awarding attorney’s fees, and order awarding expert witness fees. Richard W. Wolfe, defendant below, appeals the fees amounts awarded.
On March 16, 2001, MK and Wolfe entered into an agreement whereby Wolfe was to purchase a residence on Miami Beach owned by MK. Wolfe claimed that certain promised repairs had not been performed, and in May of 2001, Wolfe’s attorney advised MK that due to this alleged breach, the contract was terminated.
MK thereafter filed an action (MKI) against Wolfe, alleging Wolfe’s anticipatory breach of the parties’ agreement. By order dated November 19, 2001, the lower court granted Wolfe’s Motion to Quash Service of Process, Motion to Dismiss or in the Alternative, Motion for Change of Venue, observing that service of process of the initial pleading was not made within 120 days, and that MK did not object to the entry of the order. Wolfe did not file any motion seeking attorney’s fees or costs in that action. No such award was entered, and the case was dismissed.
In December of 2001, MK filed a second action against Wolfe (MKII), claiming breach of contract. MK alleged breach of the same agreement, stating Wolfe had failed to appear at closing and failed to pay the agreement’s purchase price. On March 14, 2002, Wolfe filed a Motion to Stay Pending Payment of Costs, claiming that pursuant to Florida Rules of Civil Procedure 1.420(a)(2)(b), and (d), the second action, MKII, could not proceed until the payment of costs in the anticipatory breach action, MKI, was made. In that motion, Wolfe also sought an award for the attorney’s fees that he had incurred in MKI. By order dated March 25, 2002, the lower court granted this motion, stating that costs would be awarded pursuant to the Florida Rules, and that attorney’s fees would be awarded pursuant to the parties’ contract.
On March 26, 2002, MK filed a Motion to Release Stay, stating that Rule 1.420(d) related to the stay of costs only. Wolfe responded by stating that the stay should not be released and that the attorney’s *655 fees should be included as part of the costs to be paid prior to releasing the stay. On May 13, 2002, the lower court denied MK’s Motion to Release Stay.
Thereafter, on conflicting evidence, the trial court in MKII entered an order awarding Wolfe $7,150.00 in fees incurred in MKI, and providing that the stay would continue until MK paid all amounts due. Wolfe subsequently filed a Motion for Award of Expert Witness Fees, seeking $1,664.00 for 6.4 hours for preparation, research and attendance by his expert witness at the fee hearing. The court allowed 3.2 hours and awarded fees of $832.00.
MK argues that the trial court in MKII was without authority to award fees and costs incurred in MKI and points out that Rule 1.420 provides that the award of costs for any action dismissed be assessed “in that action,” and does not authorize a court in a subsequent action to award attorney’s fees and costs for a prior action in the subsequent case. We agree. The recent Supreme Court decision in Caufield v. Cantele, 837 So.2d 371 (Fla.2002), confirms this analysis. As Canfield observes:
Costs are not assessed by the court in which subsequent litigation is commenced; rather, rule 1.420(d) provides that costs are to be assessed immediately after a dismissal is entered by the court issuing the voluntary dismissal and that any subsequent lawsuit on the same claim must be stayed by the second court until all of the costs awarded in the initial lawsuit are fully paid. See City of Hallandale v. Chatlos, 236 So.2d 761, 763 (Fla.1970) (construing rule 1.420(d) “to mean that costs, including attorneys’ fees, are to be assessed and judgment entered for them in the same action which is the subject of voluntary dismissal”).
Here, Wolfe should have secured a ruling on whatever costs and/or fees he was entitled to for MKI, whether pursuant to contract, section 57.105 or otherwise, in the MKI action. Having failed to do so, the motion for stay pending payment of costs, sought in MKII, should have been denied. Of course, this analysis makes consideration of Wolfe’s cross-appeal related to the amount of attorney’s fees and the expert witness fees awarded, unnecessary.
Accordingly, the Order on Defendant’s Motion for Stay Pending Payment of Costs, the Order on Defendant’s Attorney’s Fees and Costs, and the Order on Defendant’s Motion for Award of Expert Witness Fee are reversed, with this case remanded for further proceedings.