# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0303
Lower Tribunal No. 25-174246-SP-05
_____

**Restoration Genie, Inc., etc.,**
Petitioner,

vs.

**Citizens Property Insurance Company,**
Respondent.

A Writ of Certiorari to the County Court for Miami-Dade County, Lawrence D. King, Judge.

Ruiz Legal, PLLC, and Santino Ruiz, for petitioner.

Franklin Legal Group, PA, and Jonathan D. Franklin, for respondent.

Before FERNANDEZ, GORDO and BOKOR, JJ.

PER CURIAM.

ON CONFESSION OF ERROR

Restoration Genie, Inc. ("Restoration Genie") petitions this Court for a writ of certiorari and contends that the trial court's February 11, 2026 Order as to Taxable Costs and Stay of Proceedings, which granted Citizens Property Insurance Company's motion for stay and motion to tax costs as to the first action which was dismissed on March 5, 2025, should be quashed. That first action filed by Restoration Genie was dismissed by the trial court for lack of prosecution. On November 4, 2025, Restoration Genie refiled the case against Citizens.

Restoration Genie argues that the trial court's order was entered in error because Citizens never filed a motion to tax costs after the first action was dismissed and within the thirty (30) day requirement pursuant to Florida Rule of Civil Procedure 1.525. Citizens filed its motion for stay on December 18, 2025, and filed its motion to tax costs on January 8, 2026, over three hundred (300) days after the trial court entered its order dismissing Restoration Genie's case for lack of prosecution on March 5, 2025.

Citizens properly confesses error on this point and states that rule 1.525 provides that costs in a dismissed action "shall be assessed and judgment for costs entered in that action." Citizens further asserts that the governing rule in this case is Florida Small Claims Rule 7.110(d) and points out that there is no material difference between the two rules. Courts require

that the motion be filed in the same action. See City of Hallandale v. Chatlos, 236 So. 2d 761, 763 (Fla. 1970); McKelvey v. Kismet, Inc., 430 So. 2d 919, 921-22 (Fla. 3d DCA 1983).

Accordingly, we grant Restoration Genie's petition for writ of certiorari as to the trial court's February 11, 2026 order, quash the order and remand for further proceedings not inconsistent with this opinion.

Petition granted, order quashed.