CORBIN ET AL. v. THE CEDAR RAPIDS, IOWA FALLS & NORTH-WESTERN RAILWAY CO. ET AL.

1. **Railroads:** ABANDONMENT OF RIGHT OF WAY PENDING APPEAL: SECOND CONDEMNATION. Where a railway company condemns a right of way, and, pending an appeal, it dismisses the action, withdraws the money from the hands of the sheriff and abandons whatever right it has obtained by the proceedings, it is not thereby barred, if it acts in good faith, from subsequently beginning another proceeding to condemn another right of way over the same land.

*Appeal from Palo Alto Circuit Court.*

FRIDAY, APRIL 24.

ACTION IN EQUITY. The relief asked is that the corporation defendant be enjoined from condemning, under the statute, a right of way over certain real estate owned by the plaintiffs for railway purposes. A temporary injunction was granted, which, on the filing of the answer, was dissolved, and the plaintiffs appeal.

*A. F. Call,* for appellants.

*Soper, Crawford & Carr,* for appellees.

SEEVERS, J.—The facts are that the plaintiffs are the owners of certain real estate in the town of Emmetsburg, and the corporation defendant, desiring to procure the right of way over the same, in September, 1881, caused the damages or value of such right of way to be assessed by a sheriff's jury, from which the plaintiffs appealed to the circuit court, and afterwards the defendant also appealed. Afterwards, in December, 1881, the defendant dismissed its appeal, and withdrew from the hands of the sheriff the amount assessed as damages by the sheriff's jury, and abandoned whatever right it had obtained. Afterwards, in March, 1884, the defendant being about to have the damages again assessed by a sheriff's jury, this proceeding was commenced to enjoin such condemnation.

It is stated in the petition that the plaintiffs were put to great inconvenience and expense to protect their interests in the first proceeding, and that the appeal therein was wrongfully dismissed; but it is not alleged that plaintiffs are acting in bad faith, or fraudulently. Counsel for the plaintiffs contend that the power to condemn was exhausted by the first proceeding. It will be conceded, for the purposes of this case, that, if the defendant had appropriated the right of way under the first proceeding, the power conferred by statute would have been exhausted; but we think it had the right to dismiss the proceeding, and abandon all rights obtained under it, at any time prior to its appropriation of the right of way. The plaintiffs were in no manner prejudiced by the abandonment. They may have been put to some expense or inconvenience, but certainly no more than any defendant who is sued, and the action afterwards dismissed before any judgment is rendered which will bar a future action.

The proceeding to condemn a right of way over real estate is similar to any action wherein one party by legal means seeks to acquire rights recognized, and to which he is entitled by law. Such an action may be so dismissed as that the

plaintiff, to all intents and purposes, will simply become non-suited. In such case it cannot be doubted that another action may be commenced.

AFFIRMED.