THE FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, PLAINTIFF IN ERROR, vs. J. H. BEAR, DEFENDANT IN ERROR.

1.  Proceedings for condemnation of property under the power of eminent domain are governed and controlled by the statutes authorizing them, and these statutes must be strictly construed and substantially complied with in all proceedings instituted thereunder.

2.  Under section 1555 Revised Statutes the petitioner in condemnation proceedings is required within ten days after the

rendition of judgment to pay into court for the use of the defendant the compensation ascertained by the jury unless further time be allowed by the court, or else the proceedings including the judgment will be null and void, even though petitioner is thereby seeking to condemn property already in its possession; and where default in such payment is made, a writ of error thereafter sued out from such judgment will be dismissed by the appellate court.

Writ of Error to the Circuit Court for Orange County.

The facts of the case are stated in the opinion of the Court.

*Beggs & Palmer,* for Plaintiff in Error.

*Alex. St. Clair-Abrams,* for Defendant in Error.

PER CURIAM.

On June 1st, 1897, plaintiff in error filed its petition in the Circuit Court of Orange county praying condemnation of certain land of defendant in error for the purpose of a trackway for its road, which it was then using and occupying as such. Viewers were appointed, and upon the filing of their report defendant in error filed his objection to the award and demand for a jury. Such further proceedings were had that in October, 1900, a trial by jury was had and a verdict rendered, and after the motion for a new trial filed by plaintiff in error was overruled, the court on March 11, 1901, entered its judgment which after reciting the verdict of the jury, adjudged that the property described in the verdict be appropriated to petitioner upon petitioner's paying to the defendant in

error or securing by deposit of money the compensation found by the jury, and adjudged a personal liability on the part of petitioner to defendant in error for said sum. From this judgment plaintiff in error on May 10, 1901, took this writ of error assigning various rulings of the court as error, none of which question the propriety of the personal features of the judgment.

It is made to appear that plaintiff in error has never paid into court for the use of defendant in error the compensation found by the jury and mentioned in the judgment, and that no further time to do so was ever allowed by the court.

Defendant in error now moves this court to strike the writ of error and transcript from the files, basing the motion upon the gound, among others, of the failure of plaintiff in error to pay into court the compensation found by the jury. The court is of opinion that the ground stated is not appropriate to the motion as made—which is a motion to strike as stated—but that the defects disclosed by the record are of such a character as to require us to dismiss the writ of error.

The proceedings in the court below were instituted and conducted under the provisions of sections 1544-1558 Revised Statutes, and by the terms of section 1559 the sections mentioned are expressly made applicable to cases where condemnation is sought by a petitioner who is using lands the title to which has not been acquired by it. By section 1551 when the trial is by jury (as in this case) the jury is empanelled to try what compensation shall be made to the defendants for the property sought to be appropriated, irrespective of any benefit from any improvement proposed by the petitioner. Section 1553 requires the verdict to state, first, an accurate description of the

property taken; second, the compensation to be made therefor; third, the amount of such compensation to which each owner is entitled. Section 1554 provides that "the judgment shall recite the verdict in full, and shall be the that the property therein described be appropriated to the petitioner 'for' the uses alleged in the petition, upon the petitioner paying or securing by deposit of money the compensation found by the verdict of the jury." Section 1555 provides that "the petitioner within ten days after the rendition of judgment shall pay into court for the use of the defendant the compensation ascertained by the viewers'or by the jury, or else the proceedings shall be null and void unless further time be allowed by the court. Upon such payment and upon the recording in the registry of deeds of the judgment with the clerk's certificate that the compensation has been paid into the court, the petitioner shall have full and lawful authority to enter upon and appropriate the property for the uses aforesaid with the same effect as though the petitioner held the same by deed or grant from the defendant." Section 1556 provides that any party aggrieved by the final judgment of the court may have a writ of error as in common law cases, but that such writ shall in no case operate as a supersedeas where petitioner has paid the amount of compensation into the court as aforesaid so as to prevent petitioner's appropriation of the property pending the proceedings in error. It also provides that if after writ of error is taken by any defendant he shall take out of court the amount found to be due him the writ of error shall be dismissed. Under the provisions of section 1555 quoted, the proceedings become null and void upon failure of petitioner to pay into court the compensation as therein required. This is the plain language of the statute, and we find no other

F. C. & P. R. R. Co. v. Bear —Opinion of Court.

language in the sections referred to causing us to doubt
that it means what it says.   This class of proceedings is
governed and controlled by the statutes authorizing them.
Those statutes must be strictly construed and substan-
tially complied with.   Oregonian Railway Co. v. Hill, 9
Oregon 377.   There is nothing in our statute which de-
prives the petitioner of the right to abandon the proceed-
ings at any time before it pays or secures the compensa-
tion of the land owner, and the statute expressly makes
the failure to pay into court an abandonment of the pro-
ceedings and declares them null and void.   The compen-
sation found not having been paid into court as required,
the entire judgment and the proceedings in which it was
rendered became inoperative, null and void, and nothing
was left to be reviewed by writ of error, and the writ of
error thereafter taken therefrom must be dismissed. It
will be observed that the judgment rendered purports to
adjudge a personal liability in favor of defendant in error
against plaintiff in error for the compensation ascertained
by the jury.   No objection to this feature of the judgment
is presented by the assignment of errors.   It is to say the
least extremely doubtful if the statute authorizes such
provision to be inserted in the judgment but whether it
does or does not, the failure to pay into court the compen-
sation ascertained by the jury renders the proceedings
void, and this provision is under the statute invalid as
much so as any other part of the judgment. and, there-
fore, equally incapable of supporting the writ of error.

For the vital defect pointed out the writ of error is
dismissed.