STATE ROAD DEPARTMENT OF THE STATE OF FLORIDA, *Plaintiff in Error*, vs. A. B. ZETROUER, *Defendant in Error*.

142 So. 217.

Division B.

Opinion filed June 8, 1932.

*B. A. Meginniss* and *Hampton & Jordan,* for Plaintiff Error;

*Fielding & Duncan,* for Defendant in Error.

TERRELL, J.—In a statutory proceeding authorized by Section 1503 et seq. Revised General Statutes of 1920 (Section 2281 et seq. Compiled General Laws of 1927) the State Road Department secured a judgment in condemnation against A. B. Zetrouer in which Zetrouer was awarded compensation in the sum of $4,725, plus $200 as attorney's fees. From that judgment this writ of error was prosecuted.

Immediately the record was lodged in this Court defendant in error moved to dismiss the writ of error for the following reasons: (1) Plaintiff in error cannot have reviewed a judgment in its favor; (2) If plaintiff in error is entitled to have its judgment reviewed it must first pay into the registry of the court the amount of the award or verdict of the jury; and, (3) If plaintiff in error, being an arm of the state, is entitled to have its judgment reviewed, it is required to give a bond to secure the amount of the judgment in addition to the usual supersedeas bond.

The statutes, Sections 1513 and 3286 Revised General

Statutes of 1920 (Sections 2291 and 5094 Compiled General Laws of 1927) both applicable to the cause, provide that in proceedings of this kind ''any person aggrieved by the final judgment may have a writ of error as in common law cases.'' While the only challenge to the judgment is grounded on its alleged excessiveness such a challenge would seem ample to meet the test of the statutes. The mere fact that a litigant secures a judgment in his favor does not necessarily mean that there may not be some aspect of said judgment at which he would be aggrieved and which would present grounds for review by an appellate court.

This Court is committed to the general rule that appeal does not lie to a judgment in one's favor but this rule is not applicable where prejudicial error was committed in connection with the judgment, or where said judgment was void or otherwise in such condition that it is unjust or injurious to the party securing it. Lovett vs. Lovett, 93 Fla. 611, 112 So. 768; Zigler vs. Erler Corporation, 102 Fla. 981, 136 So. 718.

It is next contended that the writ of error should be dismissed because the plaintiff in error failed to deposit in the registry of the court the amount of compensation found to be due the defendant in error for the lands condemned.

Section 1513 Revised General Statutes of 1920 (Section 2291 Compiled General Laws of 1927) provides that ''no writ of error shall be sued out after thirty days from the rendition of the judgment, and such writ of error shall in no case operate as a supersedeas when the county has paid the amount of the compensation into the court as aforesaid, so as to prevent the county's appropriation of the property pending the proceedings in error.'' See also Section 3286 Revised General Statutes of 1920 (Section 5094 Compiled General Laws of 1927), being the general law on the subject of eminent domain, and Section 2911

Revised General Statutes of 1920 (Section 4621 Compiled General Laws of 1927), being the general law regulating writs of error.

Section 1512 Revised General Statutes of 1920 (Section 2290 Compiled General Laws of 1927) requires the county, (the State Road Department in this case, as required by Section 1645 Compiled General Laws of 1927) within ten days after the rendition of the judgment, to pay into the court for the use of the defendant, the compensation ascertained by the jury, or else the proceedings shall be null and void, unless, for good cause, further time, not exceeding thirty days, be allowed by the court. Upon such payment, and upon the recording of the judgment, with the clerk's certificate, that the compensation has been paid into the court, in the book of deeds in said clerk's office, the county shall have full and lawful authority to enter upon and appropriate the property for the uses aforesaid.

In this case thirty days additional time was allowed for paying the amount of the verdict into the court but before the expiration of that time writ of error was taken to the judgment. If the county is required to deposit the amount of the compensation found for the defendant in the registry of the court pending appeal then the right of the county to have a judgment such as that brought here reviewed is virtually cut off. We do not think the law so intended. The statute (Section 1513 Revised General Statutes of 1920 Sec. 2291 C. G. L., supra) enumerates but one case in which the writ of error shall not operate as a supersedeas and that is when taken by the defendant when the county has paid the compensation into court. In all other cases it would seem to follow that writ of error would operate as a supersedeas as provided in Section 2911 Revised General Statutes, Sec. 4621 C. G. L. supra. In other words to determine this question Sections

1513 and 2911 Revised General Statutes, supra, should be construed together.

We have examined Florida Cent. & P. R. Co. vs. Bear, 43 Fla. 319, 31 So. 268, relied on by plaintiff in error, but we do not think that case rules the case at bar. It is true a similar statute was involved in that case to the one involved in the instant case but in Florida Cent. & P. R. Co. vs. Bear the money was not paid into court, nor was a writ of error sued out and bond given within the time limit named in the statute. Neither of these prerequisites having been performed the court could do nothing but dismiss the writ of error.

In further support of this view we do not think that the "persons aggrieved by the final judgment" who may take writ of error as provided in Section 1513 Revised General Statutes, supra, comprehends the appellant in this case. In other words, if the state is required to pay the money into the registry of the court as a condition precedent to taking a writ of error the money so paid may be withdrawn by the defendant, in which event any review of the judgment would be futile, even though it should be decided that it was excessive, as the county or the state would have no means by which to enforce restoration of the funds withdrawn.

We are also of the view that it is not necessary for the state or one of its departments in addition to the required supersedeas bond to give an additional bond to secure the payment of the award by the jury, as a prerequisite to taking a writ of error. State vs. Rushing, 17 Fla. 223. Appellant is within the protection of this rule. Hampton vs. State Board of Education, 90 Fla. 88, 105 So. 323. Even if this were not the case under the law (Section 1511 Revised General Statutes of 1920, Section 2289 Compiled General Laws of 1927) the lands condemned are appropriated to the county or state only on condition of pay-

ment of the award found by the jury and in lieu of such payment the county may abandon and withdraw from the cause at any time before payment. Florida Cent. & P. R. Co. vs. Bear, supra.

On the merits the sole ground of complaint is the excessiveness of the verdict and judgment. Plaintiff in error contends that the amount of recovery is limited to the value of the land taken or appropriated and that since only eleven acres were taken the award of the jury was unreasonable.

We do not think this contention is well supported. Section 29 of Article Sixteen of our Constitution provides for the taking of private property for public use, the value of such property to be ascertained by a jury of twelve men and to be exclusive of any benefit proposed by the condemnor. While the record discloses that only eleven acres were appropriated it is also shown that the right of way as appropriated was located in such a way as to materially depreciate the value of all of defendant's lands for the purposes used. The jury was authorized in awarding damages for such depreciation and we cannot say that the amount awarded was excessive. Orange Belt Ry. Co. vs. Craver, 32 Fla. 28, 13 So. 444. The award of the jury was also supported by the statute, Section 1508 Revised General Statutes of 1920 (Section 2286 Compiled General Laws of 1927).

The motion to dismiss the writ of error is, therefore, denied, and the judgment below is affirmed.

Affirmed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and and judgment.