THE CITY MORTGAGE AND BOND CO. v. NASSAU COUNTY.

160 So. 677.

Division B.

Opinion Filed April 8, 1935.

*Claude Smith,* for Plaintiff in Error;

*A. G. McArthur* and *C. O. Wright,* for Defendant in Error.

PER CURIAM.—The writ of error brings for review judgment of the Circuit Court of Nassau County in favor of the plaintiff, Nassau County, in condemnation proceedings wherein the county sought to acquire certain parcels of land for the location and construction of ditches designed to drain the right-of-way of a public highway.

The record shows that default was entered against the defendant after defendant had appeared and filed a motion for compulsory amendment of the petition and when the motion had not been disposed of and that final judgment was entered pursuant to such entry of default. While defendant in error does not admit that there was any merit in the motion or that the grounds stated therein were sufficient to test the sufficiency of the allegations of the petition, it does admit that error occurred when default was entered while the motion for compulsory amendment timely filed remained undisposed of and on the record defendant in error confesses error.

Plaintiff in error insists that we now determine whether or not a county may condemn land for the purpose of constructing thereon ditches to drain off the right-of-way of a public road. As a general proposition we may say that the power exists in a county in proper cases and under sufficient showing to acquire by condemnation lands on which to construct such ditches (Sec. 1504 R. G. S., 2282 C. G. L.) but the record presented to us is not sufficient to afford a basis for judicial determination of the right or power of the defendant in error to acquire the property involved in this suit for such purpose. If the lands sought to be acquired are necessary for the proper construction of a public road and if the ditches when constructed will reasonably perform the required service of draining the public road right-of-way, then the right of eminent domain may be exercised and the property acquired upon the payment of an amount equal to the value of the lands taken plus the amount of damage, if any, resulting to the remaining portions of the owner's lands adjacent thereto by reason of the construction of such ditches. See State Road Department v. Zetrouer, 105 Fla. 650, 142 Sou. 217 and 219 as to measures of damages.

The issue may be presented by proper pleadings in the court below and there determined subject to review on writ of error.

On confession of errors the judgment is reversed and the cause remanded with directions that the case be returned to the rolls for settlement of pleadings and further proceedings in accordance with law and the rules of practice and procedure.

It is so ordered.

Reversed and remanded.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.