STATE, *ex rel.* EMMET A. CURTIS, *et ux.,* v. I. I. HIMES, *et al.*

161 So. 560.
Division B.
Opinion Filed May 21, 1935.

*Earnest & Lewis* and *Ernest E. Roberts,* for Plaintiffs in Error;

*A. L. Rankin,* for Defendants in Error.

BUFORD, J.—Plaintiffs in error instituted proceedings in mandamus in the Circuit Court of Palm Beach County to coerce the payment of judgment of $3,963.00 in favor of petitioners in condemnation proceedings. The judgment was entered on the 29th day of August, 1928.

The record shows that the petitioners in the condemnation proceedings did not pay the amount of the judgment

within the period required by the statute. See Section 1512 R. G. S., 2290 C. G. L. Therefore, the proceedings and the judgment became null and void at the expiration of the period described.

The respondent County Commissioners answered setting up the fact that the Board of County Commissioners of Palm Beach County did not pay the judgment as provided by the statute above referred to; that there was no money in the hands of the County Commissioners available for the payment of such judgment and that the Board of County Commissioners in constructing the road or part of road for which the lands were sought to be condemned determined not to use the said lands because it was deemed that the judgment for compensation for such lands was excessive and that the Board of County Commissioners had not taken or used the said lands.

On final hearing the court entered its judgment in favor of the respondents and against the relators.

The record shows that a very small part of the land sought to have been condemned amounting to twenty-seven one-thousandths part of an acre of such land was encroached upon by the part of the road which was constructed and is now occupied by the county as a part of the road. The owners have their right of action against the county to recover the value of this portion of the land. But, the record shows conclusively that they were not entitled to a peremptory writ of mandamus to coerce the payment of the amount of the judgment. See Fla. Central & Penn. R. R. Co. v. Bear, 43 Fla. 319, 31 Sou. 287, in which this Court in construing a like statute as that which is here under consideration held that upon the abandonment of the proceedings by the petitioner in condemnation matters, the compensation found not having been paid into court as required, the en-

tire judgment and proceedings in which it was rendered become inoperative, null and void. This being true, it follows that there was nothing upon which to base a peremptory writ of mandamus.

The judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J., concurs in the result.