PER CURIAM.
In 1968, the City of Miami Beach, Florida, filed a suit to condemn certain real property for use as an ocean front public park. Real property owned by these appellees was involved therein and they were defendants in that proceeding. A trial was held which resulted in jury verdicts and a final judgment fixing compensation for the property owned by the defendants was rendered on March 14, 1969. The city considered the verdicts and final judgment grossly excessive and refused to deposit the amounts fixed by the final judgment as just compensation for the taking of these parcels into the registry of the court. See § 73.111, Fla. Stat., F.S.A.
The city filed its motion for .new trial. While that motion was pending it filed on May 1, 1969, a new and separate proceeding against the same parties in which it again sought to condemn the same land for the same public purpose.
The motion for new trial in the first suit was denied on May 13, 1969. The second petition for condemnation filed by the city against these defendants and their real property was dismissed, with prejudice, on May 20, 1969. The city moved for a rehearing in the second suit and on June 12, 1969, the order of dismissal with prejudice was amended and the second suit was dismissed “but without prejudice to the petitioner’s (the city) filing another petition in eminent domain against the defendants in this cause if it sees fit to do so.”
On June 19, 1969, the city filed its third proceeding against these parties seeking to condemn the same land under the same resolution and for the same public purpose. Ultimately, the third trial judge rendered a summary final judgment against the city. This final judgment essentially held that the City of Miami Beach could not proceed with the pending case unless it tendered to the owners of each parcel the amounts of money fixed by the jury and final judgment as just compensation for their property in the first proceeding. It reserved jurisdiction of other matters. The city has appealed from this summary final judgment.
The first point, as phrased by the city in this appeal, is that “the order of the Circuit Judge is directly violative of the plain language of the statute and constitutes a judicial foray into the legislative domain.”
§ 73.111, Fla.Stat., F.S.A., provides in pertinent part:

“Within twenty days after the rendition of the judgment, the petitioner shall deposit the amount set forth therein into the registry of the court for the use of the defendants, or the proceeding shall be null and void, unless for good cause further time, not exceeding sixty days, is allowed by the court. * * * ” (Emphasis added)
*844 Under the statute, the city concludes that when it refused to deposit the amounts found and adjudicated as compensation due for each parcel into the registry of the court within twenty days from the rendition of the first judgment, it abandoned the first suit and the entire proceeding therein became null and void.
Under this rationale the city argues that it could thereafter file successive suits for condemnation against these defendants and this property, and use the same theory of abandonment until such time as a jury verdict and final judgment was rendered for these parcels which the city agreed was reasonable and proper. It would then deposit the money found due by that final judgment and conclude the taking of this property.
The Florida decisions have held, under similar statutes, that the entire judgment and proceedings become null and void upon the failure of the condemnor to deposit the money found due by the judgment into the registry of the court within the time fixed by statute. See State ex rel. Curtis v. Himes, 119 Fla. 428, 161 So. 560 (1935); Florida Cent. & P. R. Co. v. Bear, 43 Fla. 319, 31 So. 287 (1901); Cf. State Road Department of Florida v. Zetrouer, 105 Fla. 650, 142 So. 217 (1932).
We are concerned with a statute and cases, albeit old, that have seemed to permit a condemnor to abandon without imposing any test of good faith. See 121 A.L.R. 61. These Florida cases did not involve a filing of successive suits against the same real property and defendants by a condemnor under the abandonment theory which was attempted here, however.
Appellees argue that a condemnor may abandon a condemnation proceeding and refile the same proceeding later only if the first suit was abandoned in good faith. See Central of Georgia Ry. Co. v. Thomas, 167 Ga. 110, 144 S.E. 739 (1928); Chicago, R. I. & P. R. Co. v. City of Chicago, 143 Ill. 641, 32 N.E. 178 (1892); and 30 C.J.S. Eminent Domain § 340 and 27 Am.Jur.2d Eminent Domain § 459.
While we agree with the proposition advanced by the appellees we observed that the question of the good faith of the city in abandoning the first suit for condemnation does not appear to have been raised as an issue in the pleadings in the case, sub judice.
Assuming, without ruling, that the statute permits abandonment by the condem-nor, we note that the city relies on resolution #12004, passed December 15, 1966, by the city council, in its first petition for condemnation and in the case sub judice. § 73.021, Fla.Stat., F.S.A., requires that a condemning authority shall set forth in its petition for eminent domain the authority under which the property is to be acquired and that the property is necessary for that use.
In Bear, supra., it was stated:

“ * * * There is nothing in our statute which deprives the petitioner of the right to abandon the proceedings at any time before it pays or secures the compensation of the landowner, and the statute expressly makes the failure to pay into court an abandonment of the proceedings, and declares them null and void. The compensation found not having been paid into court as required, the entire judgment, and the proceedings in which it was rendered, became inoperative, null, and void, and nothing was left to be reviewed by writ of error, and the writ of error thereafter taken therefrom must be dismissed.” (Emphasis Added)
* * *
If entire judgment and proceedings in the first condemnation suit by *845 the city became “null and void” under this authority, it would follow that resolution #12004, attached to the first petition for condemnation and relied upon therein as the authority under which the city was authorized to acquire the property, also became null and void. Resolution #12004 was necessary and required under the statute and was a part of the proceedings in the first suit and if that judgment and proceedings became “null and void” as the city argues, because of its failure to deposit the money into the registry of the court, then the resolution also became “null and void” and cannot be considered a proper and legal resolution for the purpose of authorizing the city to acquire property by eminent domain in the case, sub judice.
Since the final judgment in the first proceeding became null and void, the trial court could not require the city in this case to tender to the owners of each parcel the amounts of money fixed as compensation for their property by the final judgment in the first action.
The city also argues that since there was no actual taking of the land of these defendants (appellees), it is not liable to them for attorneys’ fees which their attorneys have performed for them in this suit. We find no merit in this argument. See § 73.091, Fla.Stat., F.S.A.; Jacksonville Expressway Auth. v. Henry G. Du Pree Co., Fla. 1959, 108 So.2d 289; and De Soto County v. Highsmith, Fla. 1952, 60 So.2d 915.
The judgment is, therefore, affirmed insofar as it holds that the city is not entitled to proceed with this law suit, but the final judgment is modified to require a dismissal, on remand of this law suit, for failure of the city to properly comply with the statutory requirements necessary in suit for eminent domain.
Affirmed in part and modified in part.