## CITY OF MIAMI BEACH v. CUMMINGS, et al.
### No. 70-11798.
Circuit Court, Dade County.

May 14, 1971.

Joseph A. Wanick, City Attorney, for petitioner.

John M. Murrell and John M. Murrell, Jr., Miami, for defendants Cummings, et ux.

Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for defendants Buckley and King.

W. F. Esslinger, Miami, for defendants Gerson and Clements.

Henry R. Carr, Miami, for defendant Wolland.

ARTHUR E. HUTTOE, Circuit Judge.

*Summary judgment:* This case came on to be heard on motion to dismiss and motion for summary judgment of all the defendant owners, and after hearing arguments of the attorneys for the city of Miami Beach and the defendants, the court finds as follows —

The petitioner in this case filed against the defendants in this case and other defendants a condemnation proceeding in this same court in 1968 which was docketed as case no. 68-1265. The parcels of land sought to be condemned were the same parcels sought to be condemned in this proceeding. A trial was held resulting in jury verdicts and a final judgment dated March 14, 1969 concerning the same parcels of land involved in this proceeding. The petitioner's motion for a new trial in that case was denied by order dated May 13, 1969. The petitioner did not pay or deposit the amount of the judgment with the clerk of this court within twenty days after the filing of the judgment or within twenty days after the order denying its motion for new trial. No appeal was taken from the judgment dated March 14, 1969 or the order denying a new trial.

Thereafter the petitioner filed two petitions in this court to condemn the same lands as are sought to be condemned in this case and which were also sought to be condemned in case no. 68-1265. The two petitions were docketed as cases no. 69-7233 and 69-10197, and were dismissed on motions filed by the defendant owners.

The petitioner's position is that under provisions of §73.111, Florida Statutes, when it refused to deposit the amounts found and adjudicated as compensation due for each parcel into the registry of the court within twenty days from the rendition of the judgments in case no. 68-1265, that as to those parcels the entire proceeding became null and void and that it could thereafter file successive suits for condemnation against these defendants and this property.

The adjudications in cases no. 69-7233 and 69-10197, and by Judge Love in the stay order granted by him in this case, did not directly pass on the proposition presented by these defendants' pleadings and motion for summary judgment, namely, that a petitioner who has filed and prosecuted a condemnation action to final judgment cannot abandon a petition for eminent demain by failing to make a deposit in the registry of the court as required by §73.111 merely for the purpose, in effect, of granting itself a new trial — and maintain another petition filed against the same owners to take the same land for the same purpose as in the original petition filed and so abandoned by it.

The judgment rendered by Judge DuVal in case no. 69-10197, however, held that another petition to condemn, after such an abandonment, could not be maintained unless and until the petitioner tendered to the owners the awards made by the judgment obtained and abandoned by the petitioner on the first petition and such tender had been refused. On appeal from Judge DuVal's judgment the opinion of the Third District Court of Appeal (City of Miami Beach v. Cummings, 233 So.2d 842) stated that they agreed with the proposition of the defendant owners that a condemnor may abandon a condemnation proceeding and refile the same proceeding later only if the first suit was abandoned in good faith, but held that the issue of good faith was not raised as an issue in the pleadings in the case and affirmed the dismissal of the petition by the lower court on other grounds.

After that decision in the district court this case was filed, and motions by the defendant owners to stay it until the petitioner had paid all judgments for costs against petitioner in the three previous condemnation cases were argued before Judge Love. The order by Judge Love stated that §73.111 was intended as a shield for the citizen and not as a sword for the city, and that he agreed with the indication by the district court that the condemnor's action is subject to a test of good faith. However, Judge Love's order granted only the stay order — the relief sought by the motions of the defendant owners under consideration by him.

The defendant owners by their pleadings have raised the issue of the good faith of the petitioner city in abandoning the first petition to condemn as to the parcels of land involved in this case, and filing this and two previous petitions to condemn the same land.

The law is that a petitioner may abandon an eminent domain petition at any time before judgment and even after judgment, and cannot as a matter of general law (as in Florida) be required to pay a judgment for the value of the land obtained as a result of its petition to take property. (30 Corpus Juris Secundum, §§335-340; 27 Am. Jur. 2d 459; State, ex rel. Curtis v. Himes, 160 So. 560). However, in Florida, even when the dismissal is before judgment the petitioner is liable for the owner's costs and attorney's fees. Jacksonville v. Blanshard, 77 Fla. 855, 82 So. 130 and 85 Fla. 500, 96 So. 286; DeSoto County v. Highsmith, 60 So.2d 915.

The defendant owners point out and it appears that the general law and Florida law referred to is not applicable here because these defendants are not merely trying to collect the amount of the judgment. In this case the petitioner never actually abandoned its intention to condemn these parcels of land for a park in good faith

but continued the intent to take the land in three new suits for that purpose, and was admittedly using the statute §73.111, in an attempt to gain a new trial without appealing from and reversing the court's denial of its motion for a new trial.

The defendants' contention or position is supported by the statement and authorities cited in the opinion of the Third District Court of Appeal reported in 233 So. 2d 842. Similar conclusions were reached in Rogers v. St. Charles, 3 Mo. App. 45 and Robertson v. Hartenblower, 120 Iowa 410, 94 N. W. 857, which held that in the absence of a good faith abandonment the first award is binding upon the condemnor. The *Hartenblower* case pointed out that although a second condemnation suit was permitted in Corbin v. Cedar Rapids Railway Company, 66 Iowa 73, 23 N. W. 270, in that case a good faith abandonment of the first case was established for several reasons, including that the award made in the first proceeding was tendered in the second proceeding.

It is my opinion that it was not and could not have been the intention of the legislature of Florida in enacting §73.111 to provide condemnors with a special method of obtaining new trials in addition to or different from that provided by Rule 1.530 RCP. However, it appears that where there are good faith reasons for abandonment, such as a legal defect in the proceeding, a faulty description, or a change of plans through which it appears that all the property will not be needed for the purpose for which it was being taken, the condemnor may abandon the old proceeding and be permitted to thereafter condemn the same lands or a part of them, particularly where tender is made of the value set by the first judgment or award. The petitioner does not claim the existence of any reasons for abandonment of the first petition after judgment, but claims its right to maintain this action and give itself a new trial by its construction of the provisions of §73.111, without a tender of the previous award.

In Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483 the decision by the Supreme Court of Florida denying the right of the county to take private land in that case, stated —

> "The power of eminent domain is an attribute of the sovereign. It is one of the most harsh proceedings known to the law, consequently when the sovereign delegates the power to a political unit or agency a strict construction will be given against the agency asserting the power."

It is the considered opinion of this court that the petitioner, as held in Central of Georgia R. Co. v. Thomas, 167 Ga. 110, 144 S. E. 739, cited in City of Miami Beach v. Cummings, 233 So.2d

842, after having had the benefit of a trial, connot equitably be permitted to take the chances of getting a lower award in a second proceeding by dismissing or abandoning the first and refusing to enter an appeal as provided by statute because it is not satisfied with the amount awarded, since to permit it to do so would be giving it an inequitable advantage over the owners of the land.

The petitioner in this case having abandoned the first petition and judgment for the admitted purpose of granting itself a new trial as to value, did not abandon that proceeding or bring this proceeding in good faith. It cannot equitably or legally maintain its petition in this case to condemn this same property for the same purposes unless there is a showing by the city of Miami Beach of a *complete abandonment of the intent and purpose or for some other good cause shown.* In this case the jury returned a verdict of an amount within the evidence presented. Neither trial courts nor appellate courts are legally permitted to upset jury verdicts that are within the realm of the evidence, otherwise we would abrogate the people's rights to a trial by jury on those issues triable by a jury.

The court is aware of the needs for public parks and improvements, and it is commendable that the city of Miami Beach desires to obtain private property for public use for this purpose. However, we cannot deprive the individual of his constitutional right to own and enjoy property and that his property will not be taken without due process of law, some countries have and do take people's property without due process of law, but this can never be permitted in our country.

The city attorney is very candid in his admission that the reason for the "abandonment" was for the purpose of attempting to have another jury trial and obtain a lower judgment. This process cannot be condoned — otherwise a property owner might desire to have another jury trial if the judgment isn't to *his* liking.

If the judgment by the jury was excessive the trial court with timely motion could have set aside the judgment or an appellate court could have reversed the case on the grounds, if it so found, that the verdict was not based on the evidence.

The city of Miami Beach may show good faith by tendering the amounts awarded by the jury, together with interest and costs.

It is therefore ordered and adjudged that the petition filed in this cause be and the same is hereby dismissed with prejudice at the cost of petitioner, and that the notice of lis pendens filed by the petitioner be and the same is discharged.

It is further ordered and adjudged that this court retains jurisdiction of this cause to assess and render its judgment for costs, including reasonable attorney's fees, to the defendants against the petitioner, and to enforce the judgment or judgments for such costs.