PER CURIAM.
Appellant seeks review by this Court of a Circuit Court’s Summary Judgment entered in Appellees’ favor dismissing Appellant’s condemnation petition on the ground the action could not be brought since Appellant had not acted in good faith when it failed to pay the awards given Appellees in earlier condemnation proceedings for the same property.
Article V, Section 4(2) of the Florida Constitution, F.S.A., provides in part:
“Appeals from trial courts may be taken directly to the supreme court, as a matter of right, only . . . from final judgments or decrees directly passing upon the validity of a state statute or a federal statute or treaty, or construing a controlling provision of the Florida or federal constitution. . . .”
The Circuit Court in this case based its decision on equitable principles (good faith) rather than on a construction of either the federal of state constitutions, and it did not pass upon the validity of a state statute. Accordingly, this appeal was improvidently lodged here.
Proper jurisdiction of the cause is in the District Court of Appeal, Third District. That court, in an earlier appeal arising out of one of the numerous condemnation proceedings seeking to condemn the same lands sought to be condemned in this action, may have established a controlling precedent applicable here when it concluded the first condemnation proceeding was null and void for failure to comply with the requirements of F.S. Section 73.111, F.S.A., by paying the amount awarded as value by a jury. It then indicated a new condemnation proceeding could be commenced after an original one became null and void for failure to pay or tender the condemnation award, citing F.S. Section 73.111, F.S.A., once the proper eminent domain procedures were complied with. City of Miami Beach v. Cummings, Fla.App. 970, 233 So.2d 842.
This appeal having been improvidently taken to this Court, all papers, including the notice of appeal, shall be transferred to the District Court of Appeal, Third District, within five days from the date of en *17 try of this Order. Rule 2.1(a) (5) (d), F. A.R., 32 F.S.A.
It is so ordered.
ERVIN, Acting C. J., and CARLTON, ADKINS, BOYD and McCAIN, JJ„ concur.