266 So.2d 122 (1972)
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Appellant,
v.
A.J. CUMMINGS and Sadie Belk Cummings, His Wife, et al., Appellees.
Nos. 72-66, 72-67.
District Court of Appeal of Florida, Third District.
June 20, 1972.
Rehearing Denied September 20, 1972.
*123 Joseph A. Wanick, City Atty., for appellant.
John M. Murrell and John M. Murrell, Jr., Miami, for Cummings.
W.F. Esslinger, Miami, for Gerson and Clements.
Henry R. Carr, Miami, for Wolland and Heeney.
Fowler, White, Humkey, Burnett, Hurley & Banick and George B. Foss, Jr., Miami, for King and Buckley.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
These consolidated appeals were originally lodged in the Florida Supreme Court which transferred them to this court for disposition, 257 So.2d 15. The appeals concern questions which arose out of the appellant's fourth attempt to acquire appellees' property for park purposes by eminent domain proceedings. For additional facts and pertinent holdings by this court relating to the proceedings, see: City of Miami Beach v. Cummings, Fla.App. 1969, 228 So.2d 109; City of Miami Beach v. Cummings, Fla.App. 1970, 232 So.2d 757; City of Miami Beach v. Cummings, Fla.App. 1970, 233 So.2d 842.
In appeal No. 72-66, appellant City of Miami Beach seeks review of three orders:
(a) a final summary judgment, entered May 17, 1971, which dismissed with prejudice the city's fourth eminent domain action filed in 1970, (b) an order denying rehearing and (c) an order setting a hearing for the assessment of costs and attorney's fees. We affirm in part and reverse in part and remand, with directions, the final summary judgment, as we have concluded that the following two holdings by the trial court are erroneous, first:
"... In this case Petitioner never actually abandoned its intention to condemn *124 these parcels of land for a park in good faith but continued the intent to take the land in three new suits for that purpose ...
* * * * * *
"... The Petitioner does not claim the existence of any reasons for abandonment of the first petition after judgment, ..."
And second:
"The City of Miami Beach may show good faith in this cause by tendering the amount awarded by the jury together with interest and costs."
In the first quoted statement the trial court took the position that the petitioner, once prosecuting the condemnation action to a final judgment, but before the appeal period has run, cannot "abandon" the proceedings under § 73.111, Fla. Stat., F.S.A. because the city could not pay the award, (rather than because of a legal defect in the proceedings, a faulty description, or change in the condemnor's utilization plan). By the second statement, the trial court held that the city could not maintain this action while in default of the payment of the prior jury award to the respondents. Cf. Jacksonville Terminal Co. v. Blanshard, 77 Fla. 855, 82 So. 300, and 85 Fla. 500, 96 So. 286; De Soto County v. Highsmith, Fla. 1952, 60 So.2d 915.
In the action below, the landowners raised the issue of the good faith of the city in abandoning the first petition to condemn. See: City of Miami Beach v. Cummings, Fla.App. 1970, 233 So.2d 842. The trial court ruled:
"* * *
"The Petitioner in this case having abandoned the first petition and judgment for the admitted purpose of granting itself a new trial as to value, did not abandon that proceeding or bring this proceeding in good faith. * * *"
We have grouped and summarized the City's contentions:
1. The lower court in granting summary judgment engrafted a judicial exception to Article XVI, § 29, Fla.Constitution (1885) and Article X, § 6, Florida Constitution (1968), F.S.A.; the court construed Article X, § 6 to nullify § 73.111, Fla. Stat., F.S.A.; and the order appealed, which barred the City from acquiring realty unless the City tendered the amount of the jury verdicts in the first condemnation proceeding, violated Article X, § 6 and the separation of powers. 2. The court erred in holding that the defendants had not waived or were not estopped to assert their defense that the original proceedings and judgment barred a new condemnation action. 3. The court erred in entertaining the motion for summary judgment, ignoring § 73.061 Fla. Stat., F.S.A. in refusing to try issues other than land value in a plenary non-jury proceeding, and the court not only lacked jurisdiction to award attorneys' fees after the City had filed a notice of appeal but awarded fees which were so grossly excessive as to shock the judicial conscience. The appellees are the landowners; they have filed several briefs refuting the contentions of the City.
Regarding the City's first set of contentions, we express the view that the trial court erred in determining that the City lacked good faith in dismissing the eminent domain action against the same landowners to condemn the same property for essentially the same public purposes.
The power of eminent domain is an attribute of the sovereignty of the state and is absolute except as restrained by the Constitution. From the nature of the power the New Jersey Supreme Court in Matter of Water Commissioners of Jersey City, 2 Vroom 72, 31 N.J.L. 72, deduced the following principle, which was applied in O'Neill v. Board of Chosen Freeholders, *125 12 Vroom 161, 41 N.J.L. 161 (N.J. 1879) at pp. 172-173:
"[W]henever land is sought to be taken for a public purpose, then the public authorities, in the absence of any statutory provision to the contrary, have a reasonable time given them, after the ascertainment of the expenses of the scheme, to decide whether to accept or refuse the land at the price fixed."
The court in O'Neill v. Board of Chosen Freeholders, supra, continued by detailing the rationale for the principle:
"With respect to the landowner, the procedure is fair and just; it calls for a reasonable valuation of his land, and if the public reject it at such estimation, he suffers, in general, no detriment; and if, in any exceptional case, any injury is done to him, he is entitled to reparation. On the other side, the rule in question is a necessity in view of the rational conduct of public affairs; the question whether a projected improvement is wise or unwise, expedient or inexpedient, cannot be answered by any one who is ignorant of the expense that it involves, and therefore to require public agents, in handling these matters, to disregard this plain dictate of common sense, would be altogether absurd. A man of prudence relinquishes a project when he finds the cost is likely to exceed, in a large measure, its benefit; it would seem intolerably unreasonable to require the agent of the public to pursue the opposite course."
In a factual setting, such as the instant case, where federal or state matching grants are involved, a major project undertaken by a municipality could be undermined by a rise in costs. Therefore, while we readily recognize that a landowner may assert a defense of lack of a good faith abandonment, (see: City of Miami Beach v. Cummings, Fla.App. 1970, 233 So.2d 842), as a practical matter this defense would be difficult indeed to prove. A fundamental rule, strongly grounded upon public policy, is that where a public body is exercising discretionary powers within the orbit of laws affecting them, such action is presumed correct. See: Broward County Rubbish Contractors Association v. Broward County, Fla.App. 1959, 112 So.2d 898, 903, 904; see generally: Homer v. Dadeland Shopping Center, Fla.App. 1969, 217 So.2d 844.
Because the eminent domain proceeding is harsh, Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483 (1949), and is equivalent in effect to a forced sale, Florida courts have applied the due process clause of the state constitution quite liberally in favor of the landowners. For example, in a prior appeal, City of Miami Beach v. Cummings, Fla.App. 1970, 233 So.2d 842, 844, we ruled:
"The city also argues that since there was no actual taking of the land of these defendants (appellees), it is not liable to them for attorneys' fees which their attorneys have performed for them in this suit. We find no merit in this argument. See § 73.091, Fla. Stat. F.S.A.; Jacksonville Expressway Auth. v. Henry G. Du Pree Co., Fla. 1959, 108 So.2d 289; and De Soto County v. Highsmith, Fla. 1952, 60 So.2d 915."
We therefore express the view that an abandonment of a condemnation action because of a governmental authority lacks the funds to acquire the property is alone insufficient to establish a lack of good faith, Peavy-Wilson, supra, to the contrary notwithstanding.
The City in its second set of contentions urges that the trial court erred in determining that the landowners were not estopped or did not waive their defense to the subsequent condemnation petition that the original condemnation action was abandoned in bad faith. This contention is without merit, for City of Miami Beach v. Cummings, Fla.App. 1970, 233 So.2d 842, remanded the cause, inter alia, for the consideration of such a defense.
*126 The City further contends that the trial court erred in entertaining the motion for summary judgment under Rule 1.510, R.C.P. 31 F.S.A and ignoring § 73.061, Fla. Stat., F.S.A., and failing to try all issues  other than land value  in a non-jury plenary proceeding. The statute provides:
"(1) Prior to the date of trial, the court may hold a hearing, in limine, to settle all disputed matters properly before it which must be determined prior to trial. Should it appear that the causes of action joined cannot be conveniently disposed of together, the court may order separate trials; provided, however, that any such actions shall be tried in the county in which the lands are located.
"(2) The court in which an action in eminent domain is pending shall have jurisdiction and authority over any and all taxes and assessments encumbering the lands involved in such actions, and may stay or defer the enforcement of such taxes and assessments, including all applications for tax deeds, foreclosures and other enforcement proceedings, until final termination of such eminent domain actions. The said court may make such orders concerning such taxes and assessments as may be equitable and proper; provided, however, that ad valorem taxes levied upon any such lands shall be prorated against the owner to the date of taking."
The trial court correctly entertained the motion for summary judgment; City of Miami Beach v. Manilow, Fla.App. 1970, 232 So.2d 759; see also: City of Miami Beach v. Manilow, Fla.App. 1971, 253 So.2d 910, 911.
We find merit in that portion of the City's third set of contentions raised in case No. 72-67 concerning the lower court's jurisdiction to enter a post-final summary judgment order as to attorneys' fees. The summary final judgment was automatically superceded by the filing, on July 1, 1971, of the notice of appeal under rule 5.12, F.A.R., 32 F.S.A., which occurred one day before the trial court entered the other order appealed relating to costs and attorneys' fees. Therefore, we reverse the order entered on July 2, 1971. City of Miami Beach v. Murphy, Fla.App. 1961, 132 So.2d 361, 362, and cases cited; Housing Authority of City of Miami v. Macho, Fla.App. 1966, 184 So.2d 916; Sundie v. Haren, Fla. 1971, 253 So.2d 857, 858; but cf. Winters v. Parks, Fla. 1956, 91 So.2d 649, 652 (en banc); see generally El Prado Restaurant, Inc. v. Weaver, Fla. App. 1972, 259 So.2d 524 (3d D.C.A. 1972.)
We have observed that the city has pursued several condemnation actions against these property owners. We wish to make clear that the trial court on remand, may, in its discretion stay the current eminent domain proceeding pending the payment of the property owners' attorneys' fees and costs in the first condemnation action. The Florida courts, as we have stated earlier, have sought to make the property owner whole. City of Miami Beach v. Cummings, Fla.App. 1970, 233 So.2d 842, 844. Thus, before the city puts the landowners to the expense of a second condemnation proceeding, it would be fair and just that the landowners be paid outstanding costs and attorneys' fees to which they were entitled in the first condemnation suit.
We have considered the record, briefs and arguments of counsel in light of the controlling principles of law. Therefore, for the reasons stated and upon the authorities cited in our Case No. 72-66, the final summary judgment is affirmed in part and reversed in part and remanded with directions to enter an order in accordance with our opinion herein, and in our Case No. 72-67, the orders appealed are reversed and remanded for further proceedings.
It is so ordered.