SCHEB, Judge.
The Department of Transportation (DOT) challenges the trial court’s order awarding the defendants, Carl and Dora Shepard, attorneys’ fees prior to conclusion of the proceedings in a condemnation action. We reverse.
In 1978 the DOT filed an eminent domain proceeding to condemn lands for a road project. DOT sought to acquire from defendants a temporary easement “for the period of construction ... [to] expire upon the completion of the construction of the said road project.” The trial court entered an order of taking granting DOT the right of possession of the easement. Subsequently, a jury awarded defendants $17,000 for the value of the land and $750,000 for severance and business damages caused by the taking of the temporary construction easement. DOT appealed that judgment. In reversing and remanding for a new trial on the merits, this court also reversed the trial court’s award of $200,000 attorneys’ fees to defendants. Division of Administration, State Department of Transportation v. Decker, 408 So.2d 1056 (Fla. 2d DCA 1981), petition for review denied, 415 So.2d 1361 (Fla.1982).
On remand defendants again moved for an award of attorneys’ fees for services in the initial trial. The trial court denied the motion, noting that any award of fees should be withheld until retrial “at which time the Court will be in a position to determine the benefits resulting to the property owners and the time spent by the attorneys.”
On September 16, 1982, DOT moved to amend its complaint to delete the language referring to the duration of the construction easement., DOT sought a new termination date for that temporary easement based on a revision in the construction plans for the road project. The Secretary of Transportation, it noted, had executed a resolution wherein DOT abandoned its right of easement on the defendants’ property effective September 30, 1982. The trial court allowed the amendment request-' ed by DOT. This court, in a per curiam decision, affirmed the trial court’s order. Shepard v. Division of Administration, State Department of Transportation, 431 So.2d 997 (Fla. 2d DCA 1983).
On May 4, 1983, defendants again moved the trial court to fix attorneys’ fees in respect to their services at the initial trial. This time defendants alleged that since DOT had elected to terminate the easement, they no longer had an opportunity for a jury trial on the issue involved in the original taking. Thus, they contended, an award of attorneys’ fees was now appropriate. After hearing expert testimony, the *1222 court entered an order awarding defendants attorneys’ fees of $205,000.
The trial court succinctly set forth its reasoning as follows:
The Defendants now seek an attorney’s fee for the first trial on the theory that they will not be able to present the same evidence to another jury to establish the value of the easement which was originally taken. However, the result of the first trial and the efforts of the attorneys have resulted in the termination of the easement which benefits the Defendants and which, according to the first jury, was worth $767,000.00. Now the issue to be tried is only the value of the easement from the date of the Order of Taking until September 30, 1982, rather than the value of an easement which could exist in perpetuity. The next jury trial of this cause will of necessity be entirely different from that previously tried by the property owners’ attorneys.
The Court finds that the attorneys for the property owners are entitled to be paid a reasonable fee for the services which they rendered in the first trial of this cause and the benefits which resulted, i.e., the termination of the easement, and that said fee should be awarded at this time.
On appeal DOT makes two contentions. First, that any determination of fees can be made only upon conclusion of the eminent domain proceedings, at which time costs are to be assessed as in all other civil actions. Second, that the trial court further erred in finding the defendants were benefitted to the extent of $767,000 and predicating its award of attorneys’ fees on that basis. We find merit to the DOT's contentions.
Section 73.091, Florida Statutes (1981), provides that the petitioner in an eminent domain proceeding “shall pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorney’s fee to be assessed by that court.” In assessing attorney’s fees, section 73.092 requires the court to consider the following criteria:
(1) Benefits resulting to the . client from the services rendered.
(2) The novelty, difficulty, and importance of the questions involved.
(3) The skill employed by the attorney in conducting the cause.
(4) The amount of money involved.
(5) The responsibility incurred and fulfilled by the attorney.
' (6) The attorney’s time and labor reasonably required adequately to represent the client.
However, under no circumstances shall the attorney’s fee be based solely on a percentage of the award.
These statutory criteria clearly contemplate that the fee determination is to be made at the conclusion of the proceedings. See City of St. Petersburg v. Vinoy Park Hotel Co., 354 So.2d 136 (Fla. 2d DCA 1978); Smith v. City of Tallahassee, 198 So.2d 380 (Fla. 1st DCA 1966). The Florida Supreme Court has indicated that costs in eminent domain proceedings should be assessed “as costs are assessed in all other civil actions,” Florida East Coast Railway v. Martin County, 171 So.2d 873, 883 (Fla.), cert. denied, 382 U.S. 834, 86 S.Ct. 79, 15 L.Ed.2d 78 (1965). Of course, costs in other civil actions are assessed at the conclusion of the proceedings when the cause is “determined.” See § 57.021, Fla.Stat. (1981).
Defendants argue that the proceedings as to the original taking by DOT have concluded that they are now entitled to payment of attorneys’ fees. They rely on City of Miami Beach v. Cummings, 266 So.2d 122 (Fla. 3d DCA 1972), cert. denied, 273 So.2d 761 (Fla.1973), as support for their argument. In Cummings the City of Miami Beach had unsuccessfully pursued a condemnation action against the property owners. The Third District held that before -the City could put landowners to the expense of another condemnation proceeding, it would be fair and just to pay the landowners outstanding costs and attorneys’ fees to which they were entitled from the first condemnation suit. Cummings, however, is distinguishable from this case. *1223 In Cummings, the city completely abandoned the first proceeding and subsequently instituted a separate and different proceeding. In the present case DOT has not abandoned its action against the defendants. Instead, DOT’s amendment to its complaint served to definitize the duration of the easement. These proceedings are still continuing and, thus, attorneys’ fees may not be awarded until after their completion.
When this action is concluded, the trial court may then award attorneys’ fees to the defendants, pursuant to the guidelines in section 73.092. Clearly, the defendants have received considerable benefit from their attorneys’ services. However, a determination of the extent of that benefit must wait until the conclusion of the proceedings. The court must consider all services which benefitted the defendants. However, it may not rely on the original jury award of $767,000 as the basis for determining the amount of those benefits, because that award was erroneously arrived at due to the court’s failure to admit certain evidence.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
OTT, C.J., and GRIMES, J., concur.